Robert E. REPP, Plaintiff,

v.

OREGON HEALTH SCIENCES UNIVERSITY, a public corporation, and Oregon State Board of Higher Education, Defendants.

No. CV 97–264–AS.

United States District Court,
D. Oregon.

Aug. 4, 1997.

Roger A. Hennagin, Lake Oswego, OR, for plaintiff.

Carey Lynn Critchlow, of Ater Wynne Hewitt Dodson & Skerritt, Portland, OR, for Defendants.

## ORDER

PANNER, District Judge.

Magistrate Judge Donald C. Ashmanskas filed his Findings and Recommendation on July 5, 1997. The matter is now before me pursuant to 28 U.S.C. 636(b)(1)(b) and Fed. R.Civ.P. 72(b). When either party objects to any portion of the Magistrate Judge's Findings and Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate Judge's report. 28 U.S.C. § 636(b)(1)(C); *McDonnell Douglas Corp. v. Commodore Business Machines, Inc.*, 656 F.2d 1309, 1313 (9th Cir.1981), *cert. denied*, 455 U.S. 920, 102 S.Ct. 1277, 71 L.Ed.2d 461 (1982).

Plaintiff has timely filed objections. I have, therefore, given the file of this case a *de novo* review. I ADOPT Magistrate Judge Ashmanskas's Findings and Recommendations. Defendants' motion (# 7) to dismiss claims one and two is granted. The district court declines to exercise supplemental jurisdiction over the remaining state law claims. Defendants' supplemental motion (# 8) to dismiss the third and fourth claims is granted. The third and fourth claims are dismissed without prejudice. Plaintiff's motion (# 10) for leave to file an amended complaint is denied.

IT IS SO ORDERED.

## FINDINGS AND RECOMMENDATION

ASHMANSKAS, United States Magistrate Judge:

Plaintiff Robert Repp was a medical student enrolled at defendant Oregon Health Sciences University ("OHSU"). He was dismissed following the 1992/1993 academic year. Plaintiff contends that a disability (or the school's perception that he had a disability) was a determining factor in the decision to dismiss him, and the school failed to make reasonable accommodations for his disability.

Claims one and two of the complaint assert violations of section 504 of the Rehabilitation Act and Title II of the Americans with Disabilities Act ("ADA"). It is difficult to categorize plaintiff's third and fourth claims. The third claim is probably for breach of contract. The fourth claim may allege some sort of quasi-contract theory, or perhaps an equitable estoppel in anticipation of an affirmative defense. Defendants have moved to dismiss all claims.

## DISCUSSION

### 1. Statute of Limitations

Neither the Rehabilitation Act nor the ADA contains a statute of limitations. *Soignier v. American Board of Plastic Surgery,*

92 F.3d 547, 550 (7th Cir.1996), *cert. den.,* —— U.S. ——, 117 S.Ct. 771, 136 L.Ed.2d 716 (1997); *McCullough v. Branch Banking & Trust Co.,* 35 F.3d 127, 129 (4th Cir.1994). When a federal statute does not provide a statute of limitations, the most appropriate state limitation period applies. 42 U.S.C. § 1988; *Wilson v. Garcia,* 471 U.S. 261, 266–27, 105 S.Ct. 1938, 1941–42, 85 L.Ed.2d 254 (1985); *Alexopulos v. San Francisco Unified School Dist.,* 817 F.2d 551, 554 (9th Cir.1987).

Plaintiff contends that the most analogous statute of limitations is the two-year period for personal injury actions. Defendant proposes to borrow the one-year statute of limitations that governs actions under ORS 659.425, which prohibits discrimination on account of disability, and actions under ORS 659.150, which prohibits discrimination against disabled individuals in education. It is not necessary to decide this question, because plaintiff's first and second claims are untimely under either standard. Plaintiff was dismissed from school during 1993. This action was not filed until February 14, 1997.

▉ Plaintiff seeks to amend his complaint to allege that, pursuant to the school's written procedures, he appealed the dismissal to the Dean and then to the President of OHSU. The President's decision affirming the dismissal was issued on February 17, 1995, which is less than two years before this action was filed. Plaintiff contends that the limitations period did not commence until the President of the University issued his decision.

▉ Federal law governs the question of when a federal claim accrues, notwithstanding that an analogous state limitations period is borrowed. *Fobbs v. Holy Cross Health System Corp.,* 29 F.3d 1439, 1444 (9th Cir. 1994); *Morse v. University of Vermont,* 973 F.2d 122, 125 (2d Cir.1992). The alleged discriminatory act occurred when plaintiff was dismissed from school in 1993, not when his appeal was denied in 1995. *See Delaware State College v. Ricks,* 449 U.S. 250, 101 S.Ct. 498, 66 L.Ed.2d 431 (1980) (deciding similar issue in Title VII action); *Fobbs,* 29 F.3d at 1444 (following *Delaware State College*). It is the discriminatory act that commenced the running of the statute of limitations. *Id.* The limitations period was not tolled while plaintiff pursued the school's internal grievance procedures. *See Delaware State College,* 449 U.S. 250, 101 S.Ct. 498, 66 L.Ed.2d 431 (appeal from denial of tenure did not toll limitations period); *Fobbs,* 29 F.3d at 1444–46 (limitations period on civil rights claim against hospital not tolled while physician pursued internal administrative remedies); *Morse,* 973 F.2d at 125 (discriminatory act occurred when student was dismissed, and limitations period was not tolled while she pursued administrative appeals); *Soignier v. American Board of Plastic Surgery,* 92 F.3d 547 (7th Cir.1996) (statute of limitations on ADA claim was not tolled during surgeon's internal appeal). While an argument could be made that a decision is not "final" until all administrative remedies had been exhausted and, thus, the claim is not yet ripe, the appellate courts have not found such arguments to be persuasive.

▉ Alternatively, plaintiff argues that the school lulled him into not filing a claim by leading him to believe that "a full-scale review [of the decision] was underway, that it would be accomplished quickly and that a plan for reinstatement on a probationary basis was being formulated." Consequently, he reasons, the limitations period should be tolled during the period that his administrative appeal was pending.

I have serious doubts as to the merits of plaintiff's estoppel argument. Notably, plaintiff did not file an action immediately after the president of the university denied his appeal. Rather, plaintiff waited an additional two years *after* that event (and four years after he was dismissed from medical school) before belatedly bringing this action. That is compelling evidence that plaintiff was in no hurry to bring this action and that he was not improperly induced to delay filing this action until his internal appeal had been resolved. Plaintiff may have had his reasons for not filing this action sooner, but the defendant's alleged misrepresentations do not appear to have been the controlling factor.

In any event, I am unable to distinguish the circumstances here from those in each of the other cases cited above in which the

plaintiff was held to have missed the statute of limitations by waiting until after all internal appeals had been exhausted before filing a claim. Indeed, the plaintiff here had the benefit of being able to read the decisions in *Delaware State College*, *Fobbs*, and *Morse*, which is more than can be said for the plaintiffs in those particular cases. If I were to find an exception to the rule here, then we may as well just repeal the rule altogether because the exception will consume the rule.

■ When in doubt as to the precise event that triggers the running of the statute of limitations, a prudent attorney should make a protective filing. If the court stays or dismisses the action as premature, at least the attorney has protected the client's rights. Plaintiff failed (over a period of four years) to take the necessary action to preserve his claim. By his inaction, plaintiff effectively waived that claim.

I conclude that the first and second claims are barred by the statute of limitations.[1] I recommend denying plaintiff's motion for leave to file an amended complaint, since the proposed amendments would not cure the defects in these claims. *See Reddy v. Litton*

*Industries, Inc.*, 912 F.2d 291, 296 (9th Cir. 1990) (district court may properly deny leave to amend if the proposed amendment would be futile.)

### 2. Jurisdiction

Defendants have moved to dismiss the third and fourth claims on grounds (1) the state law claims are barred by the Eleventh Amendment, and (2) having dismissed the federal law claims at the commencement of the case, the court should decline to exercise supplemental jurisdiction over the remaining state law claims pursuant to 28 U.S.C. § 1367(c)(3).

■ This court agrees with the second proposition. There is no reason to exercise supplemental jurisdiction over the remaining state law claims. This is a new action, so there will be little waste of judicial recourses by dismissing it at this early stage. It, therefore, is unnecessary to decide whether the state law claims would also be barred by the Eleventh Amendment.[2] The dismissal of the third and fourth claims is without prejudice and does not preclude plaintiff from timely refiling those claims in state court.[3]

1. Defendants have not moved against the third and fourth claims on statute of limitations grounds. To the extent the third claim is for breach of contract, it probably is timely. *See* ORS 12.080 (the statute of limitations on most contract claims is six years). I am unable to determine what period of limitations would apply to the fourth claim, since its nature is unclear.

2. If I were to address that question, supplemental briefing would be required to determine the effect (if any), upon OHSU's Eleventh Amendment immunity, of the various bills enacted by the 1995 Oregon Legislature that allegedly transformed OHSU from a state agency into a public corporation. Defendants rely upon *Mendoza v. Oregon Health Sciences University*, CV 96–65–HA (Mar. 26, 1996), for the proposition that what matters is not the Eleventh Amendment status of OHSU today, but its status at the time of the events that are the subject of these claims. I respectfully disagree with Judge Haggerty. The Eleventh Amendment is not an immunity from liability, but a limitation upon this court's jurisdiction.

The proper analysis becomes clear when we compare the standards that are applied to other jurisdictional questions. For instance, in deciding whether this court has diversity jurisdiction, the focus is upon the domicile of the parties at the time the action is filed, not their domicile when the claims arose. The same rule applies in assessing personal jurisdiction. If a defendant is a resident of Oregon today, it doesn't matter where he resided at the time of the events that gave rise to the claims.

Conversely, if OHSU had only recently become an arm of the state, it would be entitled to the benefits of the Eleventh Amendment notwithstanding that it lacked such status at the time the claims arose. Indeed, the impetus for enacting the Eleventh Amendment was the States' fear that the federal courts would force them to pay their Revolutionary War debts. *See Hess v. Port Authority Trans–Hudson Corp.*, 513 U.S. 30, 38–40, 115 S.Ct. 394, 400, 130 L.Ed.2d 245 (1994). Those claims predated the enactment of the Eleventh Amendment and also predated statehood, yet were barred by the Eleventh Amendment. It is the present status of an entity that determines whether it is entitled to assert the Eleventh Amendment as a defense to the jurisdiction of this court.

3. Ordinarily a court must first decide whether an action is barred by the Eleventh Amendment before proceeding to the merits, for the court otherwise may lack jurisdiction to reach the merits. *Davidson v. Board of Governors*, 920 F.2d

## CONCLUSION

Defendants' motion (# 7) to dismiss claims one and two should be GRANTED. Those claims are barred by the statute of limitations. The district court should decline to exercise supplemental jurisdiction over the remaining state law claims. Defendants' supplemental motion (# 8) to dismiss the third and fourth claims should, therefore, be GRANTED. The dismissal of the third and fourth claims should be without prejudice. Plaintiff's motion (# 10) for leave to file an amended complaint should be DENIED as futile.

DATED this 5 Day of June, 1997.

## NOTICE

Objections to this Findings and Recommendation are waived unless written objections are filed and served within ten days after service. 28 U.S.C. §§ 636(b)(1)(B) and (c); L.R. 135–3.

441 (7th Cir.1990). However, defendants concede that the Eleventh Amendment does not bar claims one and two of this action, because Congress has expressly abrogated the State's Eleventh Amendment immunity with respect to those particular statutory claims. *See* 42 U.S.C. § 12202 (ADA) and 42 U.S.C. § 2000d–7 (Rehabilitation Act). Consequently, this court has jurisdiction to decide whether those claims are barred by the statute of limitations.