**Suzanne DECK, Plaintiff,**

v.

**AMERICAN HAWAII CRUISES, INC., Defendant.**

**No. 1:98CV00002.**

United States District Court, D. Hawaii.

Jan. 15, 1999.

---

Michael K. Livingston, Davis & Levin, Honolulu, HI, for Suzanne Deck, an individual, plaintiff.

John R. Lacy, Normand R. Lezy, Goodsill Anderson Quinn & Stifel, Honolulu, HI, Jeff N. Miyashiro, Watanabe Ing & Kawashima, Honolulu, HI, for American Hawaii Cruises, Inc., a Delaware corporation, defendant.

**ORDER: (1) DENYING DEFEN-DANT'S MOTION FOR SUMMARY JUDGMENT; (2) GRANTING IN PART AND DENYING IN PART PLAINTIFF'S CROSS–MOTION FOR PARTIAL SUMMARY JUDGMENT**

KAY, District Judge.

## BACKGROUND

This action arises out of a seven-day interisland cruise taken by Plaintiff Suzanne Deck aboard Defendant American Hawaii Cruises' cruise ship S.S. Independence, from February 15, 1997 to February 22, 1997. Plaintiff was dissatisfied with her cruise, and as a result filed the instant lawsuit against Defendant. In her complaint, Plaintiff alleges causes of action for violations of the Americans with Disabilities Act ("ADA"), Hawaii's disability statute, false advertising, and unfair/deceptive trade practices.

Defendant filed the instant motion for summary judgment on August 25, 1998, claiming that Plaintiff's case is governed by maritime law, and is accordingly time-barred by the six (6) month limitations period contained in Plaintiff's passenger ticket. Plaintiff filed a cross-motion for partial summary judgment on November 5, 1998, seeking to establish the applicability of the ADA to the instant case. On November 12, 1998 and November 17, 1998, Defendant and Plaintiff filed their respective replies. The Court heard oral argument on November 23, 1998.

## STANDARD OF REVIEW

### I. Motion for Summary Judgment

Summary judgment shall be granted where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R.Civ.P. 56(c). One of the principal purposes of the summary judgment procedure is to identify and dispose of factually unsupported claims and defenses. See Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

The United States Supreme Court has declared that summary judgment must be granted against a party who fails to demonstrate facts to establish an element essential to his case where that party will bear the burden of proof of that essential element at trial. See Celotex, 477 U.S. at 322, 106 S.Ct. 2548. "If the party moving for summary judgment meets its initial burden of identifying for the court the portions of the materials on file that it believes demonstrate the absence of any genuine issue of material fact [citations omitted], the nonmoving party may not rely on the mere allegations in the pleadings in order to preclude summary judgment." T.W. Elec. Serv. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir.1987).

Rather, Rule 56(e) requires that the nonmoving party set forth, by affidavit or as otherwise provided in Rule 56, specific facts showing that there is a genuine issue for trial. See T.W. Elec. Serv., 809 F.2d at 630. At least some "significant probative evidence tending to support the complaint" must be produced. Id. Legal memoranda and oral argument are not evidence and do not create issues of fact capable of defeating an otherwise valid motion for summary judgment. See British Airways Bd. v. Boeing Co., 585 F.2d 946, 952 (9th Cir. 1978).

The standard for a grant of summary judgment reflects the standard governing the grant of a directed verdict. See Eisenberg v. Ins. Co. of North America, 815 F.2d 1285, 1289 (9th Cir.1987) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). Thus, the question is whether "reasonable minds could differ as to the import of the evidence." Anderson, 477 U.S. at 250–51, 106 S.Ct. 2505.

The Ninth Circuit has established that "[n]o longer can it be argued that any disagreement about a material issue of fact precludes the use of summary judgment." California Architectural Bldg. Products, Inc. v. Franciscan Ceramics, Inc., 818

F.2d 1466, 1468 (9th Cir.1987). Moreover, the United States Supreme Court has stated that "[w]hen the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

Indeed, "if the factual context makes the nonmoving party's claim *implausible*, that party must come forward with more persuasive evidence than would otherwise be necessary to show that there is a genuine issue for trial." *Franciscan Ceramics*, 818 F.2d at 1468 (emphasis in original) (citing *Matsushita*, 475 U.S. at 587, 106 S.Ct. 1348). Of course, all evidence and inferences to be drawn therefrom must be construed in the light most favorable to the nonmoving party. *See T.W. Elec. Serv.*, 809 F.2d at 630–31.

## DISCUSSION

### I. *Plaintiff's Cross–Motion for Partial Summary Judgment*

■ Since Plaintiff's cross-motion deals with a fundamental aspect of this case, it is addressed first. Plaintiff seeks partial summary judgment on the issue of the applicability of the ADA to cruise ships.[1]

The Department of Justice and the Department of Transportation, the two agencies responsible for implementing regulations under the ADA, have both found that cruise ships are subject to Title III of the ADA. The Code of Federal Regulations reads, in pertinent part:

> The term "rolling stock or other conveyances" was not included in the definition of facility in the proposed rule. However, commenters raised questions about the applicability of this part to places of public accommodation operated in mo-

bile facilities (such as cruise ships, floating restaurants, or mobile health units). Those places of public accommodation are covered under this part, and would be included in the definition of "facility." Thus, the requirements of subparts B and C would apply to those places of public accommodation.

\* \* \* \* \* \*

> However, standards for new construction and alterations of such facilities are not yet included in the Americans with Disabilities Act Accessibility Guidelines for Buildings and Facilities (ADAAG) adopted by § 36.406 and incorporated in Appendix A. The Department therefore will not interpret the new construction and alterations provisions of subpart D to apply to the types of facilities discussed here, pending further development of specific requirements.

28 C.F.R. Pt. 36, App. B. Similarly, the Federal Register states:

> [A]t the present time, the Department lacks sufficient information to determine what are reasonable accessibility requirements for various kinds of passenger vessels. We note that the DOJ has determined that passenger vessels encompassing places of public accommodation (e.g., cruise ships, floating restaurants) are subject to the general nondiscrimination and policies and practices portions of its title III rule (Subparts B and C of 28 CFR part 36). The Department of Transportation anticipates working with the Access Board and DOJ on further rulemaking to define requirements for passenger vessels. The Department does want to make it clear its view that the ADA does cover passenger vessels, including ferries, excursion vessels, sightseeing vessels,

---

1. In its opposition to Plaintiff's cross-motion, Defendant argues that Plaintiff should not succeed on her ADA claims. However, the Court finds that Plaintiff's cross motion merely seeks a determination that the ADA applies to cruise ships, and does not seek a ruling on the merits of these claims. Indeed, Plaintiff's motion states, "Plaintiff . . . respectfully

moves this Court for partial summary judgment as to applicability of the Americans with Disabilities Act in the above-captioned case pursuant to Rules 7 and 56(b) of the Federal Rules of Civil Procedure." Pl.'s Cross Mot. for Partial Summ.J. at 1–2. Therefore, the Court will limit its discussion to the general applicability of the ADA to cruise ships.

floating restaurants, cruise ships, and others. Cruise ships are a particularly interesting example of vessels subject to ADA coverage.

Cruise ships are a unique mode of transportation. Cruise ships are self-contained floating communities. In addition to transporting passengers, cruise ships house, feed, and entertain passengers and thus take on aspects of public accommodations. Therefore cruise ships appear to be a hybrid of a transportation service and a public accommodation. As noted above, DOJ covers cruise ships as public accommodations under its title III rules.

In addition to being public accommodations, cruise ships clearly are within the scope of a "specified public transportation service." The ADA prohibits discrimination in the "full and equal enjoyment of specified public transportation services provided by a private entity that is primarily engaged in the business of transporting people and whose operations affect commerce" (Section 304(a)). "Specified public transportation" is defined by Section 301(10) as "transportation by bus, rail, or any other conveyance (other than by aircraft) that provides the general public with general or special service (including charter service) on a regular and continuing basis."

Cruise ships easily meet the definition of "specified public transportation." Cruise ships are used almost exclusively for transporting passengers and no one doubts that their operations affect commerce. Cruise ships operate according to set schedules or for charter and their services are offered to the general public. Finally, despite some seasonal variations, their services are offered on a regular and continuing basis.

56 Fed.Reg. 45584–01 (1991).

Although the Court does not have evidence before it in the instant motion regarding Plaintiff's specific allegations of Defendant's discriminatory conduct, it is nonetheless able to rule on the general applicability of the ADA to this case. Based on the statements made by the Departments of Justice and Transportation, the Court finds that, to the extent Plaintiff's claims fall within subpart D of the ADA regarding new construction and alterations of facilities, these claims are not covered by the ADA.[2] However, to the extent that Plaintiff raises other ADA claims, they are clearly applicable to cruise ships, and are thus properly brought in the instant case. Accordingly, Plaintiff's cross motion for summary judgment is DENIED in part and GRANTED in part.

## II. Defendant's Motion for Summary Judgment

The essence of Defendant's motion is that, since Plaintiff did not bring suit within the applicable limitations period, her suit is time-barred.

### A. Applicable Limitations Period

As an initial matter, the Court recognizes that Plaintiff's state law claims and ADA claim are governed by different limitations periods. The limitations periods for state law claims are set forth in the statutes defining the applicable causes of action. Those limitations periods, absent other circumstances, will determine the time in which a plaintiff must file his or her claims. Thus, in the instant case, the false advertising, unfair/deceptive trade practices, and state discrimination statutes provide the applicable limitations periods for those claims.

■ The process for determining the limitations period for ADA claims is less straightforward. When determining the applicable limitations period for a federal statute, courts must follow a three-step "borrowing" analysis: (1) look to the applicable federal statute for the limitations

---

**2.** The Court notes that the language of the cited authority indicates that subpart D may be applicable to cruise ships in the future.

period; (2) if the federal statute does not provide for a limitations period, apply the most appropriate, or analogous *state* limitations period; and (3) apply the state law only if it is not inconsistent with the Constitution and laws of the United States. *See Wilson v. Garcia,* 471 U.S. 261, 267–68, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985) (emphasis added).

■ "The ADA, like many federal civil rights statutes, does not contain a specific statute of limitations." *Soignier v. American Board of Plastic Surgery,* 92 F.3d 547, 550 (7th Cir.1996), *cert. denied,* 519 U.S. 1093, 117 S.Ct. 771,. 136 L.Ed.2d 716 (1997) (citing *Wilson,* 471 U.S. at 266–67, 105 S.Ct. 1938). Accordingly, "the most appropriate *state* limitations period applies." *Id.* (emphasis added); *see also Alexopulos v. San Francisco Unified School District,* 817 F.2d 551, 554 (9th Cir.1987) (Rehabilitation Act case); *Repp v. Oregon Health Sciences University,* 972 F.Supp. 546, 547–48 (D.Or.1997). Once the limitations period is "borrowed" from the state statute, it becomes part of the federal law itself. As the United States Supreme Court has noted, "[w]hen Congress has not established a time limitation for a federal cause of action, the settled practice has been to adopt a local time limitation *as federal law* if it is not inconsistent with federal policy to do so." *Wilson,* 471 U.S. at 266–67, 105 S.Ct. 1938.

Since Plaintiff brings her case in Hawaii, the Court accordingly looks to Hawaii law to determine the applicable limitations period. To this end, the Court finds Section 368 of the Hawaii Revised Statutes, which is quite similar to the ADA, to be the most "analogous" state statute. According to Section 368, once a "right to sue letter" is issued to a plaintiff, he or she has ninety (90) days in which to bring suit.

On December 2, 1997, the Hawaii Civil Rights Commission issued a "Notice of Dismissal and Right to Sue" with regard to Plaintiff's case. One month later, on January 2, 1998, Plaintiff filed suit. Plaintiff clearly filed her suit within the ninety-day period required by the Hawaii statute.

Since the statutory period of ninety days was appropriately "borrowed" and became part of Plaintiff's ADA claim, and since Plaintiff filed suit within this time period, her claim is not time-barred under the ADA limitations period.

In sum, under normal circumstances, neither Plaintiff's state law claims nor her ADA claim would be time barred, since Plaintiff filed the instant suit within the applicable limitations periods. However, in this case, the Court's analysis does not end there.

### B. *The Ticket Provision Does Not Trump the State Law and ADA Limitations Periods in this Case*

The Court must next address Defendant's argument that the passenger ticket provides the limitations period which governs Plaintiff's claims, and that Plaintiff's claims are therefore time-barred. In other words, Defendant is claiming that the ticket contract "trumps" the applicable state law and ADA limitations periods. For the reasons outlined below, the Court disagrees.

#### 1. *The Passenger Ticket Contract is Ambiguous as to Plaintiff's Claims*

■ Courts have repeatedly held that state law claims arising out of conduct occurring on board a cruise ship or other vessel are governed by maritime law. For example, in *Carnival Cruise Lines v. Shute,* 499 U.S. 585, 590, 111 S.Ct. 1522, 113 L.Ed.2d 622 (1991), cruise ship passengers brought suit against the cruise line seeking damages for injuries that occurred on board the ship. The Supreme Court noted that the plaintiffs' case was one in admiralty. *See id.; see also Kermarec v. Compagnie Generale Transatlantique,* 358 U.S. 625, 628, 79 S.Ct. 406, 3 L.Ed.2d 550 (1959) (injury that occurred on a ship was within the reach of the admiralty jurisdiction and measurable by the standards of maritime law); *Mendez v. Ishikawajima–Harima Heavy Industries Co., Inc.,* 52

F.3d 799, 800 n. 1 (9th Cir.1995) (injury occurring on vessel in navigable waters arose out of a maritime tort); *Kalman v. Cunard Line, Ltd.,* 904 F.Supp. 1150, 1151 (D.Haw.1995) (cruise ship passenger's tort claims properly governed by maritime law). Thus, as an initial matter, the Court finds that Plaintiff's state law claims, because they arose out of conduct on board a cruise ship, would normally be governed by maritime law.

■ Even if maritime law did not govern Plaintiff's state law claims, it is well established that when federal maritime law conflicts with state law, maritime law controls. *See Askew v. American Waterways Operators, Inc.,* 411 U.S. 325, 341, 93 S.Ct. 1590, 36 L.Ed.2d 280 (1973); *Romero v. International Terminal Operating Co.,* 358 U.S. 354, 383, 79 S.Ct. 468, 3 L.Ed.2d 368 (1959); *Aqua–Marine Constructors, Inc. v. Banks,* 110 F.3d 663, 667–68 (9th Cir.1997), *cert. denied,* —— U.S. ——, 118 S.Ct. 339, 139 L.Ed.2d 263 (1997); *State of Maryland Dept. of Natural Resources v. Kellum,* 51 F.3d 1220, 1226 (4th Cir.1995); *Calhoun v. Yamaha Motor Corp.,* 40 F.3d 622, 627–28 (3d Cir.1994), *aff'd,* 516 U.S. 199, 116 S.Ct. 619, 133 L.Ed.2d 578 (1996). Thus, at the very least, to the extent that state laws conflict with maritime law, Plaintiff's claims would normally be governed by maritime law.

As noted above, at issue in the instant motion is the applicable limitations period for Plaintiff's claims. Defendant argues that since a passenger ticket is inherently maritime in nature, any limitations period specified in the passenger ticket governs the instant suit, rather than a conflicting state limitations period. Defendant further argues that since Plaintiff failed to file suit within the six (6) month period specified in her passenger ticket, her suit is time-barred.

Plaintiff does not dispute that she failed to file the instant lawsuit within the time period specified in her ticket. Plaintiff contends, however, that the limitations period in the passenger ticket is inapplicable to her claims. According to Plaintiff,

"[s]uch language does not reasonably notify a reader that it may apply to civil rights or other federal or state statutory rights. It sounds more like it applies to lost baggage than discrimination." *See* Pl.'s Mem. in Opp. to Def.'s Mot. for Summ.J. at 10. The Court agrees with Plaintiff and finds the provision to be ambiguous with regard to Plaintiff's claims.

■ The existence of an ambiguity in a contract is to be determined by the Court as a matter of law. *See Cunha v. Ward Foods, Inc.,* 804 F.2d 1418, 1428 (9th Cir. 1986). An ambiguous term is one susceptible to more than one reasonable interpretation. *See Port of Portland v. Water Quality Ins. Syndicate,* 796 F.2d 1188, 1194 (9th Cir.1986); *Cannon v. Hawaii Corp.,* 796 F.2d 1139, 1143 (9th Cir.1986) (an ambiguity exists when there is some doubt as to the meaning of written words). The presence of an ambiguous material term may indicate that no meeting of the minds occurred when the document was signed. 1 Corbin, Contracts § 4.10 (1993); Restatement 2d of Contracts § 20 ("There is no manifestation of mutual assent to an exchange if the parties attach materially different meanings to their manifestations and ... neither party knows or has reason to know the meaning attached by the other....").

■ The Court finds that the language in Plaintiff's passenger ticket, at least as applied to Plaintiff's claims, is ambiguous. Plaintiff's passenger ticket states, in relevant part:

*Other Claims.* Carrier shall not be liable for any *damage, delay or other loss* of any nature or cause whatsoever other than for death or bodily injury, and no lawsuit shall be maintainable against them for such other claims unless written notice giving full particulars of the claim shall have been delivered to Carrier within fifteen (15) days, and the lawsuit on such claim shall have been filed within six (6) months, from the date the cruise subject to this contract terminated and valid service of the lawsuit is

**1064**

made on Carrier within one hundred and twenty (120) days thereafter.

Def.'s Sep. and Concise Statement of Facts, ¶ 7 (undisputed in Pl.'s Sep. and Concise Statement of Facts, ¶ 7) (emphasis added). While it can be argued that it is reasonable to interpret the heading "Other Claims" as including all other claims, it is also reasonable to conclude that the specific text of the provision, namely the terms "damage, delay, or other loss," refers to property damage or delays, but not to claims for discrimination, false advertising, or unfair/deceptive trade practices. In other words, the phrase is ambiguous as to whether or not it includes these types of claims.

The Ninth Circuit has held that "[c]ruise passenger tickets are contracts of adhesion, and as such, ambiguities in them must be construed against the carrier." *Chan v. Society Expeditions,* 123 F.3d 1287, 1292 (9th Cir.1997). Because the Court finds that the language contained in the "Other Claims" section of Plaintiff's passenger ticket did not reasonably communicate its applicability to discrimination, false advertising, and unfair/deceptive trade practices claims, this ambiguity should be construed against Defendant.

Defendant also points to several cases which have upheld contractual provisions in passenger tickets, to further support its contention that the limitations period in Plaintiff's passenger ticket should apply in this case. However, the Court finds that in all of the cases cited by Defendant, the ticket contract directly applied to the claim at issue, without ambiguity. For example, in *Corna v. American Hawaii Cruises, Inc.,* 794 F.Supp. 1005 (D.Haw.1992), the plaintiffs brought suit against the defendant cruise line for personal injuries sustained as a result of an unprovoked attack by crew members. The Court found that the forum-selection clause in the ticket contract was binding upon the plaintiffs.[3] *See id.* at 1010. However, the language of the ticket contract provision in *Corna* indicated that it applied to "*any lawsuit* aris-

ing out of or in any manner relating to this Contract," which reasonably communicated that *any action* brought against the defendant cruise line would be covered by the provision. *Id.* (emphasis added).

Similarly, in *Kendall v. American Hawaii Cruises, et al.,* 704 F.Supp. 1010 (D.Haw.1989), the plaintiff sustained personal injuries while on board defendant's cruise ship. The Court found the limitations period on the passenger ticket to be binding upon the plaintiff. However, the provision specifically referred to claims involving "bodily injury," which was precisely the ground upon which the plaintiff was suing.

Other courts have found passenger ticket contracts to be binding under similar circumstances. *See Shankles v. Costa Armatori S.P.A.,* 722 F.2d 861 (1st Cir.1983) (passenger sustaining property damage in shipboard fire was bound by ticket contract which specified "property losses"); *Boyles v. Cunard Line Ltd.,* 1994 WL 449251 (S.D.N.Y.1994) (plaintiff bringing suit for fraud, breach of contract, and punitive damages was bound by limitations provision in passenger ticket referring to "suit to recover on *any claim* against the Company") (emphasis added); *Feingold v. Cunard Line Ltd.,* 767 F.Supp. 84 (D.N.J. 1991) (passengers bound by limitations provision which referred to "*any claim* against the Company") (emphasis added).

Unlike the cases cited above, the Court finds that the provision in Plaintiff's passenger ticket Contract did not unambiguously communicate that it applied to *all* suits against Defendant, other than those for death or bodily injuries. Rather, the provision can reasonably be interpreted to apply only to property losses and delays.

Defendant also cites *Miller et al. v. Great Hawaiian Properties Corp. et al.,* a First Circuit Court of Hawaii case, which Defendant contends upheld a provision identical to the provision at issue in the instant case. *See* Order Granting Defen-

---

3. Ultimately, the Court rejected the provision because it was found to be unreasonable.

dant's Motion for Summary Judgment, Def.'s Mem. in Supp. of Mot. for Summ.J. at Exh. D. However, Defendant has failed to provide any evidence to the Court which indicates that the two provisions were, in fact, identical. Furthermore, even if the two provisions were the same, the First Circuit's opinion is not binding upon this Court. Finally, assuming that the provisions were the same, the Court is not persuaded by the First Circuit Court's opinion, for that court did not engage in any analysis of the "Other Claims" provision whatsoever, but instead summarily relied on the *Kendall* court's decision, which upheld an entirely different provision, namely the "bodily injury or death" limitations provision. Thus, the Court remains unpersuaded, even in light of *Miller,* that the provision at issue in the instant case unambiguously applies to Plaintiff's claims.

Because the Court finds the provision in Plaintiff's passenger ticket to be ambiguous, it construes that provision against Defendant, and accordingly DENIES Defendant's motion.

### 2. *Plaintiff Did Not Waive the ADA Limitations Period*

Even if the limitations period in Plaintiff's passenger ticket were not ambiguous, the provision would nonetheless be inapplicable to Plaintiff's ADA claim, because Plaintiff did not explicitly "waive" the ADA limitations period. In *Wright v. Universal Maritime Service,* 525 U.S. 70, 119 S.Ct. 391, 142 L.Ed.2d 361 (1998), the United States Supreme Court addressed the issue of the waiver of a civil rights claim. In *Wright,* at issue was whether a general arbitration clause in a collective bargaining agreement required an employee to use the arbitration procedure for an alleged violation of the ADA, instead of pursuing his ADA claims in court. The Court held that because the collective bargaining agreement did not contain a "*clear and unmistakable waiver* of the covered employee's rights to a judicial forum for federal claims of employment discrimination," the employee could not be required

to use the arbitration procedure. *Id.* at 397 (emphasis added).

Like *Wright,* there was no "clear and unmistakable waiver" in this case. As stated above, the provision at issue was ambiguous as to its coverage. In light of *Wright*'s holding that an ADA waiver must be explicit, the Court is further persuaded that a grant of summary judgment in Defendant's favor would be inappropriate. Defendant argues, however, that the case at bar does not involve a "waiver," but rather, merely a shortening of the applicable limitations period. The Court disagrees. Indeed, the Court finds that the essence of Defendant's argument is that Plaintiff "waived" the applicable limitations period when she signed her ticket contract. Because that waiver was not explicit, clear, and unmistakable, Defendant's motion must fail.

### *CONCLUSION*

For the foregoing reasons, the Court DENIES Defendants' motion for summary judgment. The Court DENIES in part and GRANTS in part Plaintiff's motion for partial summary judgment.

IT IS SO ORDERED.