ACCESS NOW, INC. and Edward
Resnick, Plaintiffs,

v.

HOLLAND AMERICA LINE–
WESTOURS, INC.,
Defendant.

Access Now, Inc. and Edward
Resnick, Plaintiffs,

v.

Costa Crociere, S.P.A, Defendant.

Nos. 00–7230CIV, 00–7231CIV.

United States District Court,
S.D. Florida.

Feb. 14, 2001.

Matthew Wilson Dietz, Gaebe Murphy Mullen & Antonelli, Coral Gables, FL, for plaintiffs.

Lawrence W. Kaye, Kaye Rose & Maltzman, San Diego, CA, Jeffrey Bradford Maltzman, Darren Wayne Friedman, Kaye Rose & Maltzman, Miami, FL, for defendant.

---

*ORDER REQUIRING BRIEFING ON THE NECESSITY OF JOINING ADDITIONAL PARTIES*

HIGHSMITH, District Judge.

These related cases are before the Court for review. The court previously stayed consideration of Defendants' motions to dismiss, pending a ruling by the Eleventh Circuit on the motion for rehearing en banc filed in the case of *Stevens v. Premier Cruises, Inc.*, 215 F.3d 1237 (11th Cir.

2000) (per curiam). That case has now been stayed by operation of the Bankruptcy Code's automatic stay provision, *see* 11 U.S.C. § 362, and Premier Cruises, Inc.'s filing for bankruptcy protection. Accordingly, this Court's prior stay of the motions to dismiss is LIFTED. As explained below, a review of the motions to dismiss suggests that it may be appropriate to join the United States Department of Justice (hereinafter the "DOJ") and the United States Department of Transportation (hereinafter the "DOT") as parties to this litigation.[1]

These two cases are access actions, brought against cruise lines pursuant to Title III of the Americans With Disabilities Act of 1990 (hereinafter "Title III"), 42 U.S.C. §§ 12181–12189.[2] In *Stevens v. Premier Cruises, Inc.*, the Eleventh Circuit expressly held that cruises ships operating in United States waters are subject to Title III, which prohibits discrimination on the basis of disability in places of public accommodation. *See* 215 F.3d at 1240–41 & n. 5. "Title III requires that newly constructed facilities be 'readily accessible to and usable by individuals with disabilities, *except where an entity can demonstrate that it is structurally impracticable.*'" *Caruso v. Blockbuster–Sony Music Ent't Centre at Waterfront*, 193 F.3d 730, 731 (3rd Cir.1999) (quoting 42 U.S.C. § 12183) (emphasis supplied). "Congress granted [the DOT and] the DOJ, in conjunction with the Access Board, the authority to promulgate regulations under [Title III of] the ADA in order to provide the owners and operators of places of public accommodation with clear guidelines for

---

1. The DOJ appeared as amicus curia before the Eleventh Circuit in *Stevens v. Premier Cruises, Inc.*, but has made no overtures towards intervening in this litigation.

2. The Court employs the term "access actions" because the only remedies available under Title III are injunctive, namely requiring covered facilities to provide meaningful access to individuals with disabilities.

accommodating disabled patrons." *Lara v. Cinemark USA, Inc.,* 207 F.3d 783, 789 (5th Cir.2000); *see generally Paralyzed Veterans of Am. v. Ellerbe Becket Architects & Eng'rs, P.C.,* 950 F.Supp. 389 (D.D.C.1996) (discussing the DOJ's enforcement role under Title III), *aff'd,* 117 F.3d 579 (D.C.Cir.1997). Those regulations were to have been completed, initially, by July 26, 1991. *See* 42 U.S.C. § 12186(a)(1), (b). Regulations have now been issued for most facets of public accommodations covered by Title III, *see* 28 C.F.R. § 36.101 et seq.; however, regulations concerning alterations to cruise ships and the construction of new cruise ships have yet to be issued.[3] *See generally Deck v. Am. Haw. Cruises, Inc.,* 51 F.Supp.2d 1057, 1060–61 (D.Haw.1999).

The gravamen of Defendants' motions to dismiss is that, although Title III is applicable to cruise ships, an action under Title III cannot be maintained at the present time, due to the lack of regulations for the alteration and construction of cruise ships. In essence, Defendants are arguing that, in the absence of applicable regulations, these actions are not ripe for adjudication. *See generally Chevron U.S.A. v. Traillour Oil Co.,* 987 F.2d 1138, 1153 (5th Cir.1993) ("A court should dismiss a case for lack of 'ripeness' when the case is abstract or hypothetical. The key considerations are the 'fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration.' A case is generally ripe if any remaining questions are purely legal ones; conversely, a case is not ripe if further factual development is required.") (quoting *New Orleans Public Service, Inc. v. Council for New Orleans,* 833 F.2d 583, 586–87 (5th Cir.1987)). This

contention finds support in the regulations that have construed Title III to apply to cruise ships. *See Deck,* 51 F.Supp.2d at 1060 (quoting 28 C.F.R. Pt. 36, App. B). Specifically, those regulations state that the new construction and alteration provisions of Title III shall not apply to cruise ships, until regulations delineating standards for the alteration and construction of cruise ships have been promulgated. *See id.* at 1060–61. This decision, by the DOJ (the agency charged with primary enforcement responsibility under Title III), to defer application of Title III to cruise ships appears to conflict with the statute itself, which contemplates application of Title III and access actions regardless of the existence of precise regulations.[4] *See* 42 U.S.C. § 12186(d) (setting forth access standards to be applied in the interim of the promulgation of final regulations); *see also Indep. Living Res. v. Or. Arena Corp.,* 982 F.Supp. 698, 735 (D.Or.1997) ("Congress expressly provided that 'failure in the development [or] dissemination of any technical assistance manual authorized by this Section' does not excuse compliance with the ADA") (quoting 42 U.S.C. § 12206(e)); *id.* at 727 ("[t]he purpose of the Title III regulations is to ensure that persons with disabilities have the opportunity to benefit from public accommodations").

In light of (a) the DOJ and the DOT's obligation to promulgate Title III regulations, (b) the lack of regulations concerning the alteration and construction of cruise ships, (c) the Eleventh Circuit's decision that Title III applies to cruise ships, and (d) the DOJ's Title III enforcement responsibility, the DOJ and the DOT have interests in these actions that suggest it

---

**3.** An action could be brought against the DOJ and the DOT, under the Administrative Procedures Act, 5 U.S.C. § 551 et seq., to compel promulgation of the regulations. *See, e.g, Am.*

*Farm Bureau v. United States Envtl. Prot. Agency,* 121 F.Supp.2d 84 (D.D.C.2000).

**4.** Of course, when a statute and a regulation conflict, the statute controls.

would be advisable to make them parties to the litigation. *See* Fed.R.Civ.P. 19(a); *see also Laker Airways, Inc. v. British Airways, PLC.* 182 F.3d 843, 847 (11th Cir.1999) ("[a] party is considered 'necessary' to the action if the court determines either that complete relief cannot be granted with the present parties or the absent party has an interest in the disposition of the current proceedings"). Therefore, the parties are ORDERED to submit within fifteen days of this order memoranda of law, not to exceed ten pages in length, on the need to join the DOJ and/or the DOT as parties to this action. Ruling on the motions to dismiss is deferred until it is determined that all necessary parties have appeared in this litigation and those parties are properly aligned.[5]

---

**5.** Assuming that the DOJ and DOT are added as parties, it is conceivable that, depending upon the litigation posture they adopt, they would be joined as: (a) defendants; (b) plaintiffs; or involuntary plaintiffs. *See* Fed. R.Civ.P. 19(a).