**ACCESS NOW, INC. and Edward Resnick, Plaintiffs,**

v.

**HOLLAND AMERICA LINE–WESTOURS, INC., Defendant.**

**Access Now, Inc. And Edward Resnick, Plaintiffs,**

v.

**Costa Crociere, S.P.A, Defendant.**

**No. 00–7230–CIV, 00–7231–CIV.**

United States District Court, S.D. Florida.

April 10, 2001.

---

Matthew Wilson Dietz, Gaebe Murphy Mullen & Antonelli, Coral Gables, FL, for

Access Now. Inc., Edward S. Resnick, plaintiffs.

Lawrence W. Kaye, Kaye Rose & Maltzman, San Diego, CA, Jeffrey Bradford Maltzman, Darren Wayne Friedman, Kaye Rose & Maltzman, Miami, for Holland America LineWestours Inc., Holland America Line, Inc., defendants.

## ORDER

HIGHSMITH, District Judge.

THIS CAUSE is before the Court for review. By prior order dated February 13, 2001, the Court directed the parties to file legal memoranda concerning the issue of joining the Department of Justice (the "DOJ") and/or the Department of Transportation (the "DOT") as parties to the case.[1] The Court has received and reviewed Defendants' memorandum. Additionally, the Court has received an unsolicited letter dated April 5, 2001 from John L. Wodatch, the chief of the DOJ's disability section, expressing the opinion that the DOJ does not deem itself a necessary party to the case.[2]

As set forth in the February 13, 2001 order, the DOJ and the DOT have been derelict in the exercise of their statutorily mandated duty to promulgate regulations, under the Americans With Disabilities Act of 1990 (the "ADA"), regarding the alteration and construction of cruise ships. The promulgation of those regulations would facilitate the expeditious adjudication of this case and promote uniform accessability standards for cruise ships that "sail[ ] in American waters." *Stevens v. Premier Cruises, Inc.,* 215 F.3d 1237, 1241 (11th Cir.2000) (per curiam). Therefore, the Court opined that it may be advantageous to join the DOJ and/or the DOT as a party to this action.

■ Defendants' response to the Court's suggestion is twofold, and somewhat inconsistent. First, they argue that the DOJ and the DOT are not necessary parties to the case because complete relief can be granted without joining them. Then, Defendants re-argue the merits of their motion to dismiss; i.e, that this case cannot proceed due to the DOJ's and the DOT's failure to promulgate regulations.[3] Bluntly stated, Defendants' position is that complete relief means no relief (i.e, no access) for Plaintiffs, or any other disabled individuals who desire to take a cruise in American waters. That argument will not hold water.

■ As noted above, regulations (or other input from the DOJ) would (a) aid the adjudication of this case and (b) serve the cruise industry well by establishing uniform standards. Applicable regulations or other forms of guidance from the DOJ, though, are not a prerequisite to maintain a Title III access action. *See Paralyzed Veterans of Am. v. Ellerbe Becket Archi-*

1. The Court subsequently relieved Plaintiffs' counsel of the obligation to file a memorandum, due to his sudden illness.

2. Mr. Wodatch's letter is attached as an exhibit to this order for purposes of maintaining the record.

3. Additionally, Defendants' memorandum raises the issue of Plaintiffs' standing to maintain this action. That issue was not addressed by the moving papers filed in support of Defendants' motions to dismiss. The Court notes that, at this juncture, Plaintiffs have adequately pled the requisite controversy to support standing to maintain this action. *See* 42 U.S.C. § 12188(a)(1) (providing that a claimant need not "engage in a futile gesture if he or she has actual notice that a public accommodation does not intend to comply [with Title III]"); *see, e.g., Johanson v. Huizenga Holdings, Inc.,* 963 F.Supp. 1175, 1177 (S.D.Fla.1997). Defendants are free to raise the issue of standing by a properly supported motion for summary judgment.

*tects & Eng'rs, P.C.*, 950 F.Supp. 393, 394 (D.D.C.1996) ("[T]he ambiguity of the ADA regulations, and the lack of guidance and participation by the Justice Department in these matters, has created an unfortunate situation in which defendants can act in good faith and still fail to comply with the law. It is a sad predicament, but it is nonetheless what the Court and the parties face today.") (footnote omitted). Moreover, the ADA has now been on the books for a decade, but its "clear and comprehensive national mandate for the elimination of discrimination against persons with disabilities" has yet to be applied to the cruise industry. *See* 42 U.S.C. § 12101(b). To further delay that application at this juncture, based upon possibility that the long-over-due regulations may be forthcoming, would be tantamount to the abdication of this Court's obligation to exercise its properly invoked jurisdiction. *See Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716, 116 S.Ct. 1712, 135 L.Ed.2d 1 (1996) ("federal courts have a strict duty to exercise the jurisdiction that is conferred upon them by Congress").

Given the opposition of Defendants and the DOJ to joining either the DOJ or the DOT, the Court will not require that either agency be joined in this action. For the reasons stated above, and those in the Court's February 13, 2001 order, though, this case will proceed despite the absence of applicable regulations promulgated by the DOJ and the DOT.[4] Accordingly, it is ORDERED that Defendants' motions for dismissal of action or judgment on the pleadings are DENIED.[5] It is further ORDERED that Defendants' requests for oral argument are DENIED.

---

4. The Court expressly rejects the reasoning of *Deck v. Am. Haw. Cruises, Inc.*, 51 F.Supp.2d 1057 (D.Haw.1999). As noted in the February 13, 2001 order, the regulations relied upon by the *Deck* court are contrary to plain language of the ADA, which contemplates access actions even in the absence of specific regulations. Therefore, those regulations do not control. *See Chevron U.S.A., Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837, 843–44, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984) ("If Congress has explicitly left a gap for the agency to fill, there is an express delegation of authority to the agency to elucidate a specific provision of the statute by regulation. Such legislative regulations are given controlling weight unless they are arbitrary, capricious, or manifestly contrary to the statute.").

5. The Court notes that Defendants may raise their Due Process arguments at the summary judgment stage, when the reasonableness of the notice of Title III's applicability can properly be assessed on an accommodation-by-accommodation basis.