**Juan MORENO, Plaintiff,**

v.

**G & M OIL CO., et al., Defendants.**

**No. SA CV 99–668–GLT(JW).**

United States District Court,
C.D. California,
Southern Division.

March 31, 2000.

Mark D. Potter, Center for Disability Access, San Diego, CA, for Plaintiff.

William McD Miller, Musick Peeler & Garrett, Los Angeles, CA, for Defendants.

## ORDER GRANTING IN PART PLAINTIFF'S MOTION TO FILE FIRST AMENDED COMPLAINT

TAYLOR, District Judge.

This case presents an issue of apparent first impression: whether standing under the Americans with Disabilities Act (42 U.S.C. § 12101 *et seq.*) providing recourse for an inappropriate architectural barrier at a place of public accommodation is "site specific." The question is whether a disabled plaintiff who suffers discrimination due to an inappropriate architectural barrier at one business location may sue for the existence of similar barriers at the same defendant's other business locations where the plaintiff has not personally suffered discrimination. The Court holds standing under this provision of the ADA is limited to the specific location where a plaintiff suffers actual "injury in fact." The individual plaintiff in this case lacks standing to assert claims based on a generalized grievance of similar barriers at other locations or on injuries suffered by third parties at other locations.

### I. BACKGROUND

Plaintiff's original disability discrimination complaint alleges claims under the Americans with Disabilities Act for architectural barriers at Defendants' gas station and convenience store in Santa Fe Springs, California. Plaintiff moves for leave to file a First Amended Complaint adding claims about similar barrier violations at the other 82 gas stations throughout California owned by Defendants.

Although he alleges he travels extensively, Plaintiff has not visited any of the 82 other station locations or encountered architectural barriers there. He does not claim he wants to visit the other stations, or will ever do so. Plaintiff claims no specific injury to himself at the 82 additional stations. At oral argument, Plaintiff's counsel stated Plaintiff does not seek ADA damages for conditions at the 82 additional stations, but wants injunctive

relief for himself and others similarly situated concerning those locations, based on Defendants' common practice of noncompliance with disability requirements.

Plaintiff also asserts state claims based on the California Unfair Business Practices Act (Cal. Bus. & Prof.Code § 17200 *et seq.*), the Unruh Civil Rights Act (Cal. Civ.Code § 51 *et seq.*), the California Disabled Persons Act (Cal. Civ.Code § 54 *et seq.*), and common law negligence.

Defendants argue the amendment would be futile because Plaintiff lacks standing concerning the 82 additional station sites.

## II. *DISCUSSION*

Rule 15(a) provides a party may amend a pleading "by leave of court," and "leave shall be freely given when justice so requires." Leave should not be given, however, where the amended complaint would only present a futile claim. See *Hurn v. Retirement Fund Trust of Plumbing, Heating and Piping Ind. of So. Cal.*, 648 F.2d 1252, 1254 (9th Cir.1981).

The Court holds an amendment would be futile as to Plaintiff's federal ADA claim. No opposition is stated concerning Plaintiff's state claims.

### 1. *The ADA*

Under the ADA, no individual shall be discriminated against by, among other things, an inappropriate architectural barrier. 42 U.S.C. § 12182(a)-(b). Plaintiff does not claim he was personally discriminated against at the 82 additional stations. He claims inappropriate architectural barriers exist there which discriminate generally against him and others similarly situated.

The Court holds the Americans with Disabilities Act's anti-barrier provisions are "site specific" under both jurisdiction principles and the terms of the statute.

Under Article III's "case or controversy" requirement, a plaintiff must show he suffered a concrete and particularized "injury in fact." *Friends of the Earth v. Laidlaw Environmental Serv.*, —— U.S. ——, ——, 120 S.Ct. 693, 704, 145 L.Ed.2d 610 (2000). Plaintiff has satisfied Article III by alleging injury at one of Defendant's gas stations.

The issue now presented is whether, having satisfied Article III as to one gas station, Plaintiff may assert claims as to the other 82 stations.

This is a question of prudential standing. Plaintiff may not assert a "generalized grievance" or assert the rights of third parties at sites where he has suffered no injury.

The Supreme Court has held that, "when the asserted harm is a 'generalized grievance' shared in substantially equal measure by all or a large class of citizens, that harm alone normally does not warrant exercise of jurisdiction." *Warth v. Seldin*, 422 U.S. 490, 499, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975). Plaintiff lacks standing to sue for any generalized injury caused by the existence of inappropriate barriers at the 82 additional locations.

The terms of the statute corroborate this conclusion. Section 12188 requires that a plaintiff actually be "subjected to discrimination" or be "about to be subjected" to it.[1] There is no showing this Plaintiff was subjected to or about to be subjected to discrimination at the 82 additional gas stations. The statute does not support any claim as to these stations.

Plaintiff cannot assert claims against the 82 additional stations based on the rights of other disabled persons who may encounter the barriers. This is not a class action, and the ADA contains no "private attorney general" language. In the absence of such language, Plaintiff's involvement is insuffi-

---

1. A disabled person is not required "to engage in a futile gesture" if there is actual notice the defendant will discriminate. 42 U.S.C. § 12188. This provision, however, does no more than clarify the previous sentence's statement that a plaintiff "about to be subjected to discrimination" may sue. It does not eliminate the requirement of actual existing or threatened discrimination.

cient because there is no injury to himself concerning the 82 additional locations.

The Supreme Court has stated a general rule preventing Plaintiffs from asserting the rights of others:

> [E]ven when the plaintiff has alleged injury sufficient to meet the "case or controversy" requirement, this Court has held the plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties.

*Warth v. Seldin,* 422 U.S. 490, 499, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975).[2]

The Supreme Court recently summarized the issue of standing to assert the rights of others:

> In the ordinary course, a litigant must assert his or her own legal rights and interests, and cannot rest a claim to relief on the legal rights or interests of third parties. This fundamental restriction on our authority admits of certain, limited exceptions. We have recognized the right of litigants to bring actions on behalf of third parties, provided three important criteria are satisfied: The litigant must have suffered an "injury in fact," thus giving him or her a "sufficiently concrete interest" in the outcome of the issue in dispute; the litigant must have a close relation to the third party; and there must exist some hindrance to the third party's ability to protect his or her own interests.

*Powers v. Ohio,* 499 U.S. 400, 410–411, 111 S.Ct. 1364, 113 L.Ed.2d 411 (1991) (citations omitted).

There is no indication Plaintiff has a close relation to persons discriminated against at the 82 additional sites, or that there exists any hindrance to those persons' ability to protect their own interests. Plaintiff lacks standing to assert the rights of these other persons.

The Court concludes that, under the federal ADA, Plaintiff here cannot assert either an interest of his own or the interests of third parties as to the 82 additional sites. Amendment of his ADA claims would be futile as to those locations.

2. *State Claims, including California Business and Professions Code § 17200*

Defendants have presented no opposition to the amendment of Plaintiff's state claims, including the § 17200 claim, as to the 82 additional sites.

### III. *DISPOSITION*

The motion is GRANTED as to Plaintiff's state claims but DENIED as to the federal ADA claim. Within 15 days Plaintiff may file a newly prepared amended complaint conforming to this ruling.

---

**2.** The Court in *Warth* noted "Congress may grant an express right of action to persons who otherwise would be barred by prudential standing rules" and "persons to whom Congress has granted a right of action ... may have standing to seek relief on the basis of the legal rights and interests of others." *Warth v. Seldin,* 422 U.S. 490, 501, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975). That is not the case here because the ADA creates no such right of action.