Edward S. **RESNICK**, an individual, and Access Now, Inc., a Florida not-for-profit corporation, Plaintiffs,

v.

**MAGICAL CRUISE COMPANY, LIMITED, Defendant.**

No. 6:00–CV–898ORL–28DAB.

United States District Court, M.D. Florida, Orlando Division.

June 25, 2001.

Brian C. Blair, Greenberg Traurig, P.A., Orlando, FL, for defendant.

Stephan M. Cody, Miami, FL, for plaintiffs.

## ORDER

ANTOON, District Judge.

Plaintiffs Edward Resnick ("Resnick") and Access Now, Inc. ("Access Now") brought the instant action against Defendant Magical Cruise Company, Limited ("Magical") under Title III of the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.* Plaintiffs contend that Magical has discriminated against them because Magical's cruise ships, the *Disney Magic* and the *Disney Wonder*, allegedly are not in compliance with the guidelines promulgated under the ADA regarding accessibility to persons with disabilities.

This cause is currently before the Court on Defendant's Motion to Dismiss Amended Complaint, or in the Alternative, for Summary Judgment and Incorporated Memorandum of Law (Doc. 17). Plaintiffs have filed a Response to Motion to Dismiss or, in the Alternative, for Summary Judgment (Doc. 20), and with leave of Court (Doc. 27) Magical has filed Defendant's Reply to Plaintiffs' Response to Motion to Dismiss or, in the Alternative, for Summary Judgment (Doc. 28). Upon consideration of these pleadings, the record in this matter, and applicable law, the Court concludes that Magical's motion must be granted because Plaintiffs lack standing to bring this case. Furthermore, the accessibility guidelines upon which the Plaintiffs base their claims do not apply to cruise ships.

### I. Background

Plaintiff Access Now is a not-for-profit corporation which identifies one of its purposes as "to assure that businesses are accessible to, and usable by, all persons, including those persons with disabilities." (Amended Complaint, Doc. 4, ¶ 5). Plaintiff Resnick is the founding member of Access Now and serves as its president.

Resnick identifies himself as a qualified individual with a disability under the ADA and states that he has used a wheelchair since 1954 as a result of polio. (Amended Complaint, Doc. 4, ¶ 6).

Plaintiffs filed their Amended Complaint (Doc. 4) on July 28, 2000. Plaintiff Resnick contends that he "would like to travel one of Magical's vessels, but has reasonable grounds to believe that he was about to be subjected to discrimination in violation of the ADA due to his knowledge of the existence of various barriers to accessibility on Magical's vessels." (Amended Complaint, Doc. 4, ¶ 10). Plaintiff's "reasonable grounds" are allegedly based on his review of Magical's advertising materials posted on Magical's Internet website. (Amended Complaint, Doc. 4, ¶ 10).

Plaintiffs contend that the *Disney Magic* and the *Disney Wonder* ("the ships") are "public accommodations" under the ADA and that therefore Magical must comply with Title III of the ADA (42 U.S.C. §§ 12181–12189) and the regulations contained in 28 C.F.R. Part 36. Plaintiffs allege the following specific violations:

(a) only 16 of the ships' 875 staterooms are designated as accessible, whereas Plaintiffs contend that under § 9.1.2, 28 C.F.R. 36, part A, each ship should have at least 18 accessible staterooms and an additional 8 staterooms with roll-in showers;

(b) the accessible staterooms are not distributed among the 12 different classes of accommodations on the ships, allegedly in violation of 42 U.S.C. § 12182(b)(A)(iii) [sic];

(c) the accessible staterooms lack access and accommodations for persons with disabilities, including, for example, lack of appropriate safety devices or electric receptacles at appropriate heights;

(d) the ships lack appropriately sloped ramps, handrails, and landing areas;

(e) the ships lack the appropriate number or type of telecommunications devices for the hearing impaired;

(f) the ships lack doors and doorways of appropriate widths, resistance, and closing delay;

(g) the ships lack signage as to accessible routes;

(h) the ships lack signage on restroom doors and otherwise fail to conform to the requirements §§ 4.2.3, 4.22.3, 4.30.2, 4.30.4, 4.30.5, and 28 C.F.R. 36, Part A.

(i) the ships lack sufficient restrooms for access to individuals with disabilities;

(j) the ships lack appropriate "signage for disability facilities";

(k) the ships lack adequate visual and audible alarms and notification devices;

(*l*) the ships lack appropriately positioned and controlled drinking fountains;

(m) the ships lack air conditioning controls, emergency switches, and other mechanisms at appropriate heights and/or with appropriate controls;

(n) the ships lack appropriate service counters;

(o) the ships lack a lift or other accessible means of disembarkation at ports of call;

(p) the ships lack accessible seating throughout each assembly areas.

(Amended Complaint, Doc. 4, ¶ 16).

In its Motion to Dismiss or for Summary Judgment (Doc. 17), Magical raises two arguments. First, Magical contends that Plaintiffs lack standing to bring their claims because they have suffered to injury and because the website on which Plaintiffs base their contention that the ADA is being violated does not provide the information necessary to base such claims. Secondly, Magical contends that dismissal or summary judgment is appropriate because there are no promulgated guidelines or regulations under the ADA governing

cruise ships and that therefore Magical's ships are not in violation of any guidelines as alleged by Plaintiffs.

## II. Discussion

### A. Standing

■ First, Magical moves for dismissal or summary judgment on the basis that Plaintiffs lack standing to bring the instant claims because they had not boarded or attempted to board either the *Disney Wonder* or the *Disney Magic* prior to the time that this lawsuit was filed. Magical also contends that Plaintiffs' attempt to invoke the "futile gesture" provision of the ADA in order to attain standing should be rejected.

As the United States Supreme Court explained in *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992), "the irreducible constitutional minimum of standing contains three elements"—injury in fact, causation, and redressability. Resnick and Access Now—as the parties seeking to invoke federal jurisdiction—bear the burden of establishing each of these elements. *Id.* at 561, 112 S.Ct. 2130. Magical challenges only the injury-in-fact element in its motion (Doc. 17, at 6 n. 2). In order to satisfy this element, "the plaintiff must have suffered . . . an invasion of a legally protected interest which is (a) concrete and particularized and (b) 'actual or imminent, not "conjectural or hypothetical."'" *Lujan*, 504 U.S. at 560, 112 S.Ct. 2130 (citations omitted). The plaintiff must himself be "'among the injured.'" *Id.* at 563, 112 S.Ct. 2130 (quoting *Sierra Club v.*

*Morton*, 405 U.S. 727, 734, 92 S.Ct. 1361, 31 L.Ed.2d 636 (1972)). The determination of whether a plaintiff has standing to bring suit is made as of the date the lawsuit is commenced. *See Lujan*, 504 U.S. at 569 n. 4, 112 S.Ct. 2130; *Paul Revere Variable Annuity Ins. Co. v. Zang*, 248 F.3d 1, 5 n. 2 (1st Cir.2001); *Becker v. Fed. Election Comm'n*, 230 F.3d 381, 386 n. 3 (1st Cir.2000); *Steger v. Franco, Inc.*, 228 F.3d 889, 893 (8th Cir.2000); *Tucker v. Phyfer*, 819 F.2d 1030 (11th Cir.1987).

The ADA allows suit to be brought by "any person who is being subjected to discrimination on the basis of disability in violation of this subchapter or who has reasonable grounds for believing that such person is about to be subjected to discrimination." U.S.C. § 12188(a)(1). It is undisputed that Resnick has not been on board or attempted to board either the *Disney Magic* or the *Disney Wonder*. Hence, Plaintiffs have not been subjected to discrimination.[1] However, Plaintiffs allege in their amended complaint that they have reasonable grounds to believe that they are about to suffer discrimination based on knowledge they have acquired from Resnick's review of Magical's website and its information regarding the amenities of the ships.

The Court finds that Resnick's review of the website is insufficient to confer standing upon him or Access Now. Resnick alleges that he "would go on cruises on Magical's vessels, if not for the Defendant's lack of accommodation for persons

---

1. In the Response to Motion to Dismiss or, in the Alternative, for Summary Judgment, Access Now claims standing through Resnick; hence, if Resnick lacks standing so does Access Now. (Doc. 20, at 12–14). *See, e.g., Warth v. Seldin*, 422 U.S. 490, 511, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975) (noting that association may have standing as the representative as its members but that association must allege injury or threatened injury to at least one of its members "of the sort that would make out a justiciable case had the members themselves brought suit"); *accord Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.*, 528 U.S. 167, 181, 120 S.Ct. 693, 145 L.Ed.2d 610 (2000) ("An association has standing to bring suit on behalf of its members when its members would otherwise have standing to sue in their own right.").

with disabilities." (Amended Complaint, Doc. 4, ¶ 10). The alleged "reasonable belief" based only on review of Magical's Internet website that Resnick would encounter discrimination if he attempted at some unspecified time in the future to cruise on one of Magical's ships does not constitute "concrete and particularized" injury. Additionally, the alleged injury is merely "conjectural or hypothetical" rather than "actual or imminent." *See, e.g., Deck v. Am. Hawaii Cruises, Inc.,* 121 F.Supp.2d 1292 (D.Haw.2000) (finding plaintiff's stated plans to "look into" taking a cruise in the future merely constituted "speculative and conditional intention" which was "insufficient to sustain standing"). Moreover, because standing is determined as of the date of the commencement of the lawsuit, any attempts to achieve standing after the suit was filed are ineffective.[2]

■ Furthermore, the Court agrees with Magical that Plaintiffs' reliance on the "futile gesture" exception is misplaced. The futile gesture provision of the ADA states as follows:

(1) Availability of remedies and procedures

The remedies and procedures set forth in section 2000a–(3)a of this title are the remedies and procedures this subchapter provides to any person who is being subjected to discrimination on the basis of disability in violation of this subchapter or who has reasonable grounds for believing that such person is about to be subjected to discrimination in violation of section 12183 of this title. **Nothing in this section shall require a person with a disability to engage in a futile gesture if such person has actu-** **al notice that a person or organization covered by this subchapter does not intend to comply with its provisions.**

42 U.S.C. § 12188(a)(1) (emphasis added); *see also* 28 C.F.R. § 36.501(a) (same). A plaintiff may have "actual notice" under this provision by either having "encountered discrimination or [having] learned of the alleged violations through expert findings or personal observation." *Parr v. L & L Drive–Inn Rest.,* 96 F.Supp.2d 1065, 1081 (D.Haw.2000); *see also Steger,* 228 F.3d at 892 ("Although plaintiffs need not engage in the 'futile gesture' of visiting a building containing known barriers that the owner has no intention of remedying, they must at least prove knowledge of the barriers and that they would visit the building in the imminent future but for those barriers.") (citation omitted); *cf. Moreno v. G & M Oil Co.,* 88 F.Supp.2d 1116, 1117 n. 1 (C.D.Cal.2000) (noting that the futile gesture provision in the second sentence of section 12188(a)(1) "does no more than clarify the previous sentence's statement that a plaintiff 'about to be subject to discrimination' may sue. It does not eliminate the requirement of actual existing or threatened discrimination.").

In the instant case, Plaintiffs cannot avail themselves of the "futile gesture" exception because they did not have "actual notice" at the time suit was filed that Magical did not intend to comply with the statute. Plaintiffs have not encountered discrimination; rather, they filed suit after merely reviewing Magical's website. A review of this website does not provide Plaintiffs with knowledge of current or imminent discrimination. The unrefuted

---

**2.** Plaintiffs have filed the statement of an alleged expert, William Cody, which states that he went aboard the *Disney Wonder* as a paying cruise passenger and determined that the ship does not comply with guidelines promul- gated under the ADA. (Statement of William B. Cody, Doc. 26). However, it is undisputed that William Cody did not board either of Magical's vessels until January 2001—six months after the Complaint was filed.

affidavit submitted by Magical states that the website does not reveal actual measurements or purport to accurately represent the number or quality of the ships' features. (Aff. of Josef Norsworthy, Doc. 19). That affidavit further provides that the 360–degree panorama views upon which Plaintiffs heavily rely as a basis for their claims were not added to Magical's website until August 29, 2000—six months after the instant suit was filed on July 14, 2000. (Aff. of Josef Norsworthy, Doc. 19). Accordingly, even if these 360–degree views somehow bolstered Plaintiffs' "actual knowledge," based on the record before this Court it was impossible for Plaintiffs to have had such knowledge as of the time suit was filed. Therefore, even if Plaintiffs had alleged a concrete intention to cruise on one of Magical's vessels, they would still lack the requisite reasonable grounds for their alleged belief that they would suffer discrimination. In short, there is no record evidence that Plaintiffs had knowledge at the inception of this suit of any alleged violations from personal observation or expert findings.[3] Accordingly, Plaintiffs do not have standing to maintain this action, and summary judgment will be entered for Defendant Magical.

### B.   Guidelines

■   Assuming arguendo that Plaintiffs have standing to bring the instant action, this Court will address Magical's second argument in support of its motion. Magical's second point is that the new construction and alteration standards relied upon by Plaintiffs in their complaint do not apply to cruise ships. Magical contends that although Title III of the ADA may generally apply to cruise ships, *see Stevens v. Premier Cruises, Inc.*, 215 F.3d 1237 (11th Cir.2000), no guidelines or regulations have been promulgated under the ADA governing construction or alteration of cruise ships. Hence, Magical argues, there are no guidelines which it could possibly be violating. Magical also contends that applying the ADA Accessibility Guidelines for Buildings and Facilities ("ADAAG") to cruise ships would violate due process. Notably, Plaintiffs do not address this guidelines argument in their Response to Motion to Dismiss or, in the Alternative, for Summary Judgment (Doc. 20).

In the ADA, Congress directed the Attorney General and the Department of Transportation[4] to issue regulations on or before July 26, 1991 to effectuate the ADA's provisions. 42 U.S.C. § 12186.

---

3.   Again, Plaintiffs did submit the statement of a purported expert, William Cody, as to alleged violations he found when he visited one of Magical's ships. However, it is undisputed that Cody did not board the ship or gain any "knowledge" that he could pass along to Plaintiffs until six months after this lawsuit was filed.

4.   As one source explains:

The Department of Transportation is responsible for issuing regulations to implement the transportation vehicle requirements of title III of the ADA. 42 U.S.C. [§ ] 12186(a)(1)....

The Department of Justice is responsible for issuing regulations to implement the public accommodation requirements of title III of the ADA. 42 U.S.C. [§ ] 12186(b). Under the Department of Justice regulations, places of public accommodation on passenger vessels are covered by the public accommodation requirements of title III of the ADA. 28 CFR part 36, appendix B.... Thus, some passenger vessels such as cruise ships are subject to both the transportation vehicle and public accommodation requirements of title III of the ADA.

Michael R. Masinter, *Title III of the ADA and Privately Operated Cruise Ships*, 790 PLI/ Comm 519, 535 nn. 4–5 (Apr.1999). As noted in the text *infra*, Plaintiffs base their claims on the public accommodation requirements of the ADA, and therefore the regulations at issue in the instant case are those of the Department of Justice.

Plaintiffs base their claims on the public accommodation provisions of the ADA rather than the transportation vehicle provisions, and accordingly the regulations of the Department of Justice rather than the Department of Transportation are at issue here. Final regulations—the ADAAG—relating to public accommodations were adopted by the Department of Justice in 1991 and are contained in Appendix A to 28 C.F.R. Part 36.

However, the Department of Justice has taken the position that the regulations regarding new construction and alterations promulgated under its authority do not apply to cruise ships and that subpart D of Title III relating to new construction and alterations will not be extended to cruise ships until requirements appropriate for cruise ships are established. *See generally Deck v. Am. Haw. Cruises, Inc.,* 51 F.Supp.2d 1057, 1060–1061 (D.Haw.1999) (discussing the departmental position on the applicability of the ADAAG to cruise ships and concluding that "to the extent Plaintiff's claims fall within subpart D of the ADA regarding new construction and alterations of facilities, these claims are not covered by the ADA"). For example, in the preamble to the Department of Justice Regulations relating to public accommodations, the Department discussed cruise ships in connection with the definition of "facility":

> [C]ommenters raised questions about the applicability of this part to places of public accommodation operated in mobile facilities (such as cruise ships, floating restaurants, or mobile health units). Those places of public accommodation are covered under this part, and would be included in the definition of "facility." Thus the requirements of subparts B and C would apply to those places of public accommodation. For example, a covered entity could not discriminate on the basis of disability in the full and equal enjoyment of the facilities

(§ 36.201). Similarly, a cruise line could not apply eligibility criteria to potential passengers in a manner that would screen out individuals with disabilities, unless the criteria are "necessary," as provided in § 36.301.

> **However, standards for new construction and alterations of such facilities are not yet included in the Americans with Disabilities Act Accessibility Guidelines for Buildings and Facilities (ADAAG) adopted by § 36.406 and incorporated in Appendix A. The Department therefore will not interpret the new construction and alterations provisions of subpart D to apply to the type of facilities discussed here, pending further development of specific requirements.**

28 C.F.R. Pt. 36, App. B, at 623 (discussion of § 36.104) (emphasis added). Later in the preamble, the Department of Justice reiterated this position, stating that "[a]s explained under the discussion of the definition of 'facility,' § 36.104, pending development of specific requirements, the Department will not apply this subpart to places of public accommodation located in mobile units, boats, or other conveyances." 28 C.F.R. Pt. 36, App. B, at 655 (discussion of subpart D).

Moreover, in the ADA Title III Technical Assistance Manual issued by the Department of Justice Civil Rights Division, the Department also states that cruise ships need not meet new construction requirements until specific guidelines are promulgated. The Department explains:

> ILLUSTRATION: A cruise ship is owned and operated by a private entity whose primary business is to operate cruise ships. On the ship are places of lodging, restaurants, bars, a health club, and a nightclub. The private entity is a public accommodation and must comply

with the applicable requirements of title III.

Places of public accommodation aboard ships must comply with all of the title III requirements, including removal of barriers to access where readily achievable. **Currently, however, a ship is not required to comply with specific accessibility standards for new construction or alterations, because specific accessibility standards for new construction or alteration o[f] cruise ships have not yet been developed.** Americans With Disabilities Act Title III Technical Assistance Manual, III–1.2000. In discussing the application of the ADAAG, the Department of Justice states:

ILLUSTRATION 3: Because of the unique structure of ships, none of the ADAAG technical or scoping standards are appropriate. Until such time as the Architectural and Transportation Barriers Compliance Board issues specific standards applicable to ships, there is no requirement that ships be constructed accessibly. (Cruise ships would still be subject to other title III requirements.)

Americans With Disabilities Act Title III Technical Assistance Manual, III–5.3000.[5]

In the instant case, Plaintiffs' allegations are based on the failure of Magical to comply with the ADAAG which have been promulgated for new construction and alteration of buildings and facilities but which have been deemed by their promulgating body as inapplicable to cruise ships. This Court finds that such claims cannot be maintained. In so ruling, this Court is not unmindful of the Eleventh Circuit's

holding in *Stevens* that the ADA generally applies to cruise ships, nor does this Court now hold that a claim for denial of access to or on a cruise ship cannot be maintained as matter of law even in the absence of regulations. However, the Court sees no basis under the current ADA scheme for a plaintiff to bring a claim that a cruise ship has failed to adhere to guidelines which have been declared inapplicable to cruise ships by the departments charged with promulgation of such guidelines. Magical and other builders, owners, and proprietors of cruise ships have not been afforded notice of the standards with which they are required to comply, and absent such standards may not be subjected to abstract suits such as the instant matter. *Cf. Botosan v. Paul McNally Realty,* 216 F.3d 827, 836 (9th Cir.2000) (finding the term "readily achievable" in the ADA not vague because when "[t]aken together with administrative regulations and interpretations, the term, as it is used in Title III, is sufficiently specific to put the owner of a public accommodation on notice of what is required by Title III" and citing *United States v. Schneiderman,* 968 F.2d 1564, 1568 (1992), for the proposition that "administrative regulations and interpretations may provide sufficient clarification to save an otherwise vague statute").

Therefore, even assuming arguendo that Plaintiffs have standing to bring the instant claims, the Court agrees with Defendant Magical that because the guidelines cited and relied upon by Plaintiffs do not apply to cruise ships, Magical cannot be

---

**5.** Similarly, the Department of Transportation has not yet promulgated specific requirements for vessels, but it notes that "ferries and other passenger vessels operated by private entities are subject to" the Department's general rule on nondiscrimination in 49 C.F.R. § 37.5 and to the "applicable requirements of 28 CFR part 36, the DOJ rule under title III of the ADA." 49 C.F.R. Part 37, App.D (discussing section 37.109); *see also* Transportation for Individuals with Disabilities, 56 Fed.Reg. 45,584, 45,599–600 (Sept. 6, 1991) (noting that "cruise ships are a unique mode of transportation" and that "at the present time, the Department lacks sufficient information to determine what are reasonable accessibility requirements for various kinds of passenger vessels," including cruise ships).

held in violation of such standards and summary judgment shall be entered for Magical.

### III.  Conclusion

In accordance with the foregoing, it is **ORDERED** and **ADJUDGED** as follows:

1. Defendant's Motion to Dismiss Amended Complaint, or in the Alternative, for Summary Judgment (Doc. 17) is **GRANTED.**

2. All other pending motions are **DENIED as moot.**

3. The Clerk is directed to enter judgment in favor of Defendant Magical Cruise Company, Limited in accordance with this Order and thereafter to close the file.

### JUDGMENT IN A CIVIL CASE

**Decision by Court.** This action came before the Court. The issues have been heard and a decision has been rendered.

### IT IS ORDERED AND ADJUDGED

that judgment be entered in favor of the Defendant, Magical Cruise Company Limited, and against Plaintiffs', Edward S. Resnick and Access Now, Inc. in accordance with District Court order dated June 25th, 2001.