Colleen **MACORT** and Access Now, Inc., a Florida not-for-profit corporation, Plaintiffs,

v.

**GOODWILL INDUSTRIES–MANASOTA, INC.** a Florida not-for-profit corporation d/b/a Airport Goodwill Good–Neighbor Center d/b/a Goodwill Bargain Barn, Defendant.

No. 8:03–CV–1324–T–30EAJ.

United States District Court,
M.D. Florida,
Tampa Division.

Dec. 19, 2003.

Gregory E. Schwartz, Bartosz A. Ostrzenski, Schwartz, Zweben & Associates, LLP, Hollywood, FL, for plaintiffs.

Mary Fabre LeVine, Blalock, Landers, Walters & Vogler, P.A., Bradenton, FL, for defendant.

## ORDER

JENKINS, United States Magistrate Judge.

Before the court is Defendant's **Motion for Protective Order on Inspections** (Dkt. 16), filed October 29, 2003, and **Plaintiff's Response in Opposition to Defendant's Motion for Protective Order and Plaintiff's Motion to Compel Entry on Land and Incorporated Memorandum of Law** (Dkt. 18), filed November 12, 2003. A hearing on the above motions was held December 12, 2003.

Defendant seeks an order limiting Plaintiffs' access to Defendant's property for inspection for Americans with Disabilities Act of 1990 ("ADA") violations, hereinafter referred to as "barriers to access." Plaintiff seeks an order compelling Defendant under Rule 34, Fed.R.Civ.P., to submit to such an inspection. The scope of the inspection is the subject of the dispute.

### Background Information

Plaintiffs are a disabled individual, Colleen Macort, and a not-for-profit organization, "Access Now, Inc.". Together, they have filed hundreds of lawsuits against property owners for declaratory and injunctive relief and attorney's fees under the ADA (Dkt. 13).

Defendant is Goodwill Industries d/b/a/ Airport Goodwill Good Neighbor Center d/b/a Goodwill Bargain Barn. These businesses provide goods and services to the public and are "places of public accommodation" subject to the title III of the ADA.[1] Plaintiff Macort was previously employed by Defendant.[2] Nothing in the record indicates that Plaintiff Macort's past employment with Defendant is related to her current suit.

Plaintiffs filed a complaint against Defendant enumerating nineteen (19) specific barriers to access and indicating that such list of barriers to access was non-exclusive.[3]

Subsequent to Plaintiffs' filing the complaint, United States District Judge James S. Moody entered an order that required the parties to "promptly retain the necessary expert opinions and or discovery to promptly and efficiently address the issue of Defendant's compliance and move toward settlement." (Dkt. 8)[4]

Defendant indicates that it has reviewed Plaintiffs' complaint, remedied the issues raised therein, and has requested that Plaintiffs dismiss their claims. Defendant argues that Plaintiffs lack standing to proceed in this action as all barriers to access enumerated in Plaintiffs' complaint have been remedied, thus rendering such complaint moot.

### Discovery Disputes

Plaintiffs served Defendant with a Rule 34, Fed.R.Civ.P., request for entry on land on October 10, 2003, to "inspect the premises and photograph Defendant's areas of public accommodation ... for purposes of inspecting and documenting the barriers to access which exist." (Dkt. 16 at Ex. B).

Defendant responds that Plaintiffs' right to enter land for the purpose of conducting discovery should be limited to the barriers to access enumerated in Plaintiffs' complaint to determine if they have been remedied.

Rule 34(a)(2), Fed.R.Civ.P., provides that: Any party may serve any other party a request to permit entry upon designated

---

1. 42 U.S.C. § 12182(a) states, "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation."

2. Plaintiff Macort was employed by Goodwill industries-Manasota, Inc. from January 30, 1998 until September 10, 2001 (Dkt. 16 at 2). Defendant states that during Plaintiff's employ, she never notified Defendant of her alleged injuries (Dkt. 16 at 2–3).

3. Plaintiffs have unsuccessfully sought leave to amend their complaint to include allegations of ADA non-compliance in three other stores owned and operated by Defendant Goodwill industries. Relief has been denied by Judge Moody (Dkt.15).

4. On December 12, 2003, Plaintiffs filed a motion to compel compliance with Judge Moody's order (Dkt. 8), which directs the parties to work towards resolution (Dkt. 20). This court will not address such motion.

land or other property in the possession or control of the party upon whom the request is served for the purpose of inspection, measuring, surveying, photographing, testing or sampling the property or any designated object or operation thereon, within the scope of Rule 26(b).

Rule 26(b)(1), Fed.R.Civ.P., defines the scope of discovery stating, "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party."

Plaintiffs rely on 42 U.S.C. § 12188(a)(1); 28 C.F.R. § 36.501(a)(same), which allow private citizens with disabilities to initiate civil actions for preventative relief under the ADA when such individuals have suffered from discrimination, or believe that they will be discriminated against based upon being disabled. These authorities further state that an individual with a disability shall not be required "to engage in a futile gesture" if that individual has actual notice of an ADA violation and the individual or entity in violation "does not intend to comply" with the ADA. *Id.*

Plaintiffs submit they are entitled to conduct a wholesale audit and inspection of Defendant's property for ADA compliance, including any barriers which are not related to Plaintiff's mobility-related disability. Further, at the December 12, 2003, hearing, Plaintiffs argued that they are entitled to inspect Defendant's premises to inspect for barriers to access that Plaintiff did not encounter upon her visit to Defendant's premises as described in her complaint. Plaintiffs also stated at the hearing that they seek to conduct an unlimited inspection of Defendant's property which would not be focused solely on Plaintiff's mobility-related disability.

Plaintiff Macort, an individual with a mobility restriction, is clearly prohibited from complaining about all types of ADA violations on behalf of all disabled individuals. *Access Now, Inc. v. South Florida Stadium Corp.,* 161 F.Supp.2d 1357, 1364 (S.D.Fla.2001). Further, the ADA places upon the Attorney General the duty to advocate for all individu-

als with disabilities. 28 C.F.R. § 36.501(a). Under the ADA, a plaintiff must show that the existing facility at the defendant's place of business presents an architectural barrier prohibited under the ADA, the removal of which is readily achievable. *See South Florida Stadium Corp.,* 161 F.Supp.2d at 1363(citations omitted).

To the extent that Plaintiffs allege that they are entitled to a Rule 34, Fed.R.Civ.P., inspection to determine whether there are mobility-related barriers on Defendant's property, other than those specified in the complaint, this argument is unpersuasive. *See Resnick v. Magical Cruise Company, Ltd.,* 148 F.Supp.2d 1298 (M.D.Fla.2001). The court, in *Magical Cruise Company,* explained:

> Although plaintiffs need not engage in the 'futile gesture' of visiting a building containing known barriers that the owner has no intention of remedying, they must at least prove knowledge of the barriers and that they would visit the building in the imminent future but for those barriers.

*Id.* (internal citations omitted).[5]

In the present case, there is no indication that Defendant intends to violate the ADA. To the contrary, Defendant states that it has remedied all of the barriers to access enumerated in Plaintiffs' complaint with the aid of an ADA specialist. This fact refutes Plaintiffs' "futile gesture" argument.

Rule 26(b)(2), Fed.R.Civ.P., provides protection against unreasonable discovery requests, specifically addressing overly burdensome requests. Defendant's request is overbroad and burdensome. Defendant asserts it has eliminated the specific barriers to access enumerated in the complaint. If Plaintiffs wish to verify this, they may conduct an inspection under Rule 34, Fed. R.Civ.P. However, such inspection shall be limited to the specific barriers to access Plaintiffs alleged in their complaint. (Dkt. 1 at ¶¶ 13–14).

Accordingly and upon consideration it is **ORDERED** that:

---

**5.** To the extent that *Parr v. L & L Drive–Inn Restaurant,* 96 F.Supp.2d 1065, 1081 (D.Haw.

2000) is to the contrary, this court finds *Magical Cruise Company's* holding more persuasive.

(1) Defendant's Motion for Protective Order on Inspections (Dkt. 16), is **GRANTED**; and

(2) **Plaintiffs' Response in Opposition to Defendant's Motion for Protective Order and Plaintiff's Motion to Compel Entry on Land and Incorporated Memorandum of Law (Dkt. 18) is DENIED** as to Plaintiff's motion to compel, except that Plaintiffs may enter Defendant's land to conduct an inspection that is limited to the specific barriers to access enumerated in Plaintiffs' complaint.