**DISABLED AMERICANS FOR EQUAL ACCESS, INC., et al., Plaintiffs**

v.

**FERRIES DEL CARIBE, INC., Defendant**

**No. CIV.02–2014 JP.**

United States District Court, D. Puerto Rico.

July 14, 2004.

Lawrence J. McGuinness, San Juan, PR, for Plaintiff.

Dora M Peñagaricano, Carlos E. Bayrón Vélez, Mayaguez, PR, for Defendant.

### OPINION AND ORDER

PIERAS, District Judge.

## I. INTRODUCTION AND BACKGROUND

The Court has before it Defendant's "Motion to Dismiss" (docket No. 38). Plaintiffs have alleged that Defendant's Caribbean Express, a passenger cruise ship, contains architectural barriers that discriminate against disabled people in violation of the Americans with Disabilities Act's ("ADA") Title III. They therefore ask the Court to grant them injunctive relief.

## II. LEGAL STANDARD FOR A MOTION TO DISMISS

According to the Supreme Court, a "court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002) (citation omitted). Moreover, according to the First Circuit, the Court must "treat all allegations in the complaint as true and draw all reasonable inferences therefrom in favor of the plaintiff." *Rumford Pharmacy, Inc. v. City of East Providence*, 970 F.2d 996, 997 (1st Cir.1992). In addition, a "complaint sufficiently raises a claim even if it points to no legal theory or even if it points to the wrong legal theory as a basis for that claim, as long as relief is possible under any set of facts that could be established consistent with the allegations." *González–Pérez v. Hospital Interamericano De Medicina Avanzada*, 355 F.3d 1, 5 (1st Cir.2004) (citations omitted). Finally, under Federal Rule of Civil Procedure 8(f), "[a]ll pleadings shall be so construed as to do substantial justice."

## III. ANALYSIS

In opposition to Plaintiffs' request for injunctive relief, Defendant's motion to dismiss points out that the ADA's Title III directs the Department of Justice ("DOJ") and the Department of Transportation ("DOT") to issue regulatory guidelines with respect to both new construction and barrier removal for cruise ships and that, though Congress passed the ADA over ten years ago, these agencies have yet to promulgate such guidelines. *See Spector v.*

*Norwegian Cruise Line Ltd.,* 356 F.3d 641, 650 n. 10 (5th Cir.2004). In this light, Defendant argues that it has not violated the ADA because no guidelines exist to violate. While the First Circuit has not ruled on this issue, several district courts outside the First Circuit have dismissed ADA accessibility actions such as this one on this ground. *See, e.g., Resnick v. Magical Cruise Co., Ltd.,* 148 F.Supp.2d 1298, 1305 (M.D.Fla.2001) ("Plaintiffs' allegations are based on the failure of [Defendant] to comply with the [Americans with Disabilities Act Accessibility Guidelines for Buildings and Facilities ('ADAAG') ] which have been promulgated for new construction and alteration of buildings and facilities but which have been deemed by their promulgating body as inapplicable to cruise ships. This Court finds that such claims cannot be maintained ... [T]he Court sees no basis under the current ADA scheme for a plaintiff to bring a claim that a cruise ship has failed to adhere to guidelines which have been declared inapplicable to cruise ships by the departments charged with promulgation of such guidelines. [Defendant] and other builders, owners, and proprietors of cruise ships have not been afforded notice of the standards with which they are required to comply, and absent such standards may not be subjected to abstract suits such as the instant matter."); *Deck v. American Hawaii Cruises, Inc.,* 51 F.Supp.2d 1057, 1061 (D.Hawai'i 1999) ("[T]o the extent Plaintiff's claims fall within subpart D of the ADA regarding new construction and alterations of facilities, these claims are not covered by the ADA.").

## IV. CONCLUSION

The Court agrees with the district courts which have held that an ADA accessibility claim against cruise ships is not proper due to the lack of ADA cruise ship regulations and therefore hereby **GRANTS** Defendant's "Motion to Dismiss" (docket No. 38) and **ENTERS JUDGMENT, DISMISSING WITH PREJUDICE** Plaintiffs' claims against Defendant without costs or attorney fees.

**IT IS SO ORDERED.**