# United States Court of Appeals
## For the First Circuit

No. 04-2086

DISABLED AMERICANS FOR EQUAL ACCESS, INC.
Plaintiff,

EDUARDO UMPIERRE,
Plaintiff, Appellant,

v.

FERRIES DEL CARIBE, INC.,
Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Jaime Pieras, Jr., <u>Senior U.S. District Judge</u>]

Before

Selya, <u>Circuit Judge</u>,
Coffin, <u>Senior Circuit Judge</u>,
and Lipez, <u>Circuit Judge</u>.

<u>Lorenzo Palomares Starbuck</u>, with whom <u>Lorenzo J. Palomares, P.S.C.</u>, <u>Lawrence J. McGuinness</u>, <u>Lawrence J. McGuinness, P.A.</u>, <u>Ian T. Kravitz</u>, <u>William D. Tucker</u>, and <u>Law Offices of William D. Tucker, P.A.</u>, were on brief, for appellant.
<u>Dora M. Peñagarícano</u>, with whom <u>McConnell Valdés</u> was on brief, for appellee.

April 26, 2005

**LIPEZ**, **Circuit Judge**.  In July 2003, Plaintiff-Appellant Eduardo Umpierre, who is wheelchair-bound, and Plaintiff Disabled Americans for Equal Access, Inc., on behalf of its members,[1] filed an amended complaint against Defendant-Appellee Ferries del Caribe, Inc. ("Ferries") seeking injunctive relief, attorney's fees, and costs for violations of Title III of the Americans with Disabilities Act of 1990 as amended ("ADA"), 42 U.S.C. §§ 12181-89, and a subset of its implementing regulations, 28 C.F.R. §§ 36.302-305.  Specifically, the complaint alleged that:

- Ferries operates a cruise vessel subject to the mandates of Title III that govern public accommodations, see 42 U.S.C. § 12182(a), and public transportation provided by a private entity, see 42 U.S.C. § 12184(a);

- Umpierre was subjected to discrimination and is likely to suffer discrimination in the future through lack of access to "full and equal enjoyment" of the goods, services, and other privileges available aboard Ferries' vessel and at its land-based facilities (for example, because of a lack of ramps or accessible restrooms), see 42 U.S.C. § 12182(a); and

- Ferries' failure to remove barriers to accessibility to the extent such removal is "readily achievable," 42 U.S.C. § 12182(b)(2)(A)(iv), violates Title III of the ADA and its implementing regulations.[2]

---

[1]Plaintiff Disabled Americans for Equal Access, Inc., voluntarily dismissed its complaint against Ferries on behalf of its members and is no longer a party to the action or the appeal.

[2]42 U.S.C. § 12182(b)(2)(A)(iv) prohibits the "failure to remove architectural barriers . . . in existing facilities, and transportation barriers in existing vehicles and rail passenger

-2-

On August 19, 2003, Ferries filed a motion for summary judgment, followed three days later by a motion to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6).[3] On July 14, 2004, the district court granted Ferries' motion to dismiss the complaint, holding that "an ADA accessibility claim against cruise ships is not proper due to the lack of ADA cruise ship regulations." Disabled Americans for Equal Access, Inc. v. Ferries Del Caribe, Inc., 329 F. Supp. 2d 209, 211 (D.P.R. 2004).

Umpierre timely appealed, arguing that the district court improperly based its decision on the non-existence of "regulatory guidelines with respect to both new construction and barrier removal for cruise ships." Id. at 210 (emphasis added).[4] Umpierre points out that he raised no claim under the ADA or its regulations regarding the new construction or alteration of public accommodations. See 42 U.S.C. § 12183 (a)(2); 28 C.F.R. Pt. 36,

---

cars used by an establishment for transporting individuals . . . , where such removal is readily achievable." 42 U.S.C. § 12181(9) defines "readily achievable" as "easily accomplishable and able to be carried out without much difficulty or expense." If removal of barriers is not "readily achievable," 42 U.S.C. § 12182(b)(2)(A)(v) requires delivery of goods and services by alternate means. See also 28 C.F.R. § 36.305.

[3]The record contains no explanation of the reason for this unusual motion practice.

[4]While the district court explicitly mentioned regulations governing only "new construction" and "barrier removal," we note that 28 C.F.R. Pt. 36, Subpart D, which sets forth regulations governing new construction by public accommodations, also includes regulations for the "alteration" of public accommodations.

Subpart D. Rather, citing policy statements of the Departments of Justice and Transportation, he argues that cruise ships are subject to statutory and regulatory mandates applicable to all forms of public accommodations and public transportation, 42 U.S.C. §§ 12181-89; 28 C.F.R. §§ 36.302-305, including requirements for barrier removal, 42 U.S.C. § 12182(b)(2)(A)(iv); 28 C.F.R. § 36.304, regardless of whether they are also subject to additional regulations governing new construction or alteration under 28 C.F.R. Pt. 36, Subpart D.[5] Umpierre also argues that the district court improperly dismissed his claims relating to Ferries' land-based, non-vessel facilities. Ferries counters by arguing that the district court's decision should be affirmed on the merits or, in the alternative, that Umpierre lacks standing to bring his claims. Ferries also raises the argument for the first time on appeal that even if Umpierre otherwise states a claim, Title III of the ADA is inapplicable to foreign-flagged ships, such as its cruise vessel.

---

[5] 28 C.F.R. § 36.304 "requires the removal of architectural barriers . . . in existing facilities, where such removal is readily achievable." 28 C.F.R. Pt. 36, App. B at 700. By contrast, the regulations contained in 28 C.F.R. Pt. 36, Subpart D, which govern new construction and alterations, "do[] not require alterations; [they] simply provide[] that when alterations are undertaken, they must be made in a manner that provides access." Id. at 717. Pursuant to 28 C.F.R. § 36.402(b)(1), "[a]lterations include, but are not limited to, remodeling, renovation, rehabilitation, reconstruction, historic restoration, changes or rearrangement in structural parts or elements, and changes or rearrangement in the plan configuration of walls and full-height partitions."

We review the dismissal of a complaint pursuant to Fed. R. Civ. P. 12(b)(6) de novo, "accept[ing] as true the factual allegations of the complaint, constru[ing] all reasonable inferences therefrom in favor of the plaintiffs, and determin[ing] whether the complaint, so read, limns facts sufficient to justify recovery on any cognizable theory of the case." Beddall v. State St. Bank & Trust Co., 137 F.3d 12, 16 (1st Cir. 1998).

We first address Ferries' assertion that Umpierre lacks standing because "it is impossible to experience discrimination covered by the ADA without traveling aboard [Ferries' vessel]." "[T]he irreducible constitutional minimum of standing" includes the requirement that the plaintiff have suffered an "injury in fact" that is "actual or imminent." Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992) (internal quotation marks and citations omitted). In the context of Title III of the ADA, a plaintiff generally must "show a real and immediate threat that a particular (illegal) barrier will cause future harm." Dudley v. Hannaford Bros. Co., 333 F.3d 299, 305 (1st Cir. 2003) (explaining that this standard "has been adapted from generic Supreme Court precedents discussing whether a plaintiff has standing to protest a particular injury"). "[A] disabled individual who is currently deterred from patronizing a public accommodation due to a defendant's failure to comply with the ADA" and "who is threatened with harm in the future because of existing or imminently threatened noncompliance with the

-5-

ADA" suffers actual or imminent harm sufficient to confer standing. Pickern v. Holiday Quality Foods, Inc., 293 F.3d 1133, 1138 (9th Cir. 2002).

> Umpierre alleges in his complaint that he
>
> visited [Ferries'] vessel on several occasions in 2001, 2002[,] and 2003, and at that time was subjected to discrimination . . . due to the existence of various barriers to accessibility at Defendant's place of public accommodation and aboard Defendant's vessel. Plaintiff intends to return to the Defendant's place of public accommodation and cruise vessel to avail himself of the goods and services offered therein.

Furthermore, Umpierre alleges that the barriers to accessibility "have effectively denied and/or diminished Plaintiff's ability to visit and/or use the property and have endangered Plaintiff's safety and the safety of other disabled persons who also visit and/or may want to visit the property." Viewing the facts alleged in Umpierre's complaint as true, as we must when reviewing a Rule 12(b)(6) dismissal,[6] we conclude that Umpierre has alleged "a real and immediate threat" of discrimination by Ferries sufficient to confer standing to sue. Dudley, 333 F.3d at 306.[7]

---

[6]Ferries refers us to documents outside the pleadings in an attempt to prove that Umpierre's allegations in the complaint are false, thereby ignoring the standard of review on appeal from a Rule 12(b)(6) motion to dismiss.

[7]We have recognized the similarity between the standing requirement and the standard for determining the availability of a private right of action to enforce Title III. Dudley, 333 F.3d at 306. The enforcement provision of Title III states that "[n]othing in this section shall require a person with a disability to engage

-6-

Next, Ferries advances no argument that its land-based facilities are exempt from the statutory and regulatory mandates of the ADA; it argues only that it maintains no land-based facilities. Resolution of this factual dispute awaits the development of a record on remand. Taking the allegations in the complaint as true, Umpierre states a claim for relief under Title III of the ADA and its implementing regulations with respect to Ferries' land-based facilities.

We turn, then, to Ferries' argument that Title III of the ADA does not apply to foreign-flagged ships. Ordinarily, we treat legal theories raised for the first time on appeal as waived. United States v. Slade, 980 F.2d 27, 30 (1st Cir. 1992) ("It is a bedrock rule that when a party has not presented an argument to the district court, [he] may not unveil it in the court of appeals."). Nevertheless, we take judicial notice of the fact that the Supreme Court recently heard oral argument on the precise question whether Title III of the ADA applies to foreign-flagged cruise ships, and

---

in a futile gesture if such person has actual notice that a person or organization covered by [Title III] does not intend to comply with its provisions." 42 U.S.C. § 12188(a)(1). Section 12188(a)(1) thus "negates any requirement that a disabled person engage in a futile gesture to establish the existence of a discriminatory policy or practice" for purposes of bringing suit under Title III. Dudley, 333 F.3d at 306. Accordingly, Umpierre need not have engaged in the "futile" -- indeed, allegedly hazardous -- "gesture," 42 U.S.C. § 12188(a)(1), of actually traveling aboard Ferries' cruise vessel in order to establish either his standing to sue or a private right of action under Title III.

that a decision by the Supreme Court is pending. Spector v. Norwegian Cruise Line Ltd., No. 03-1388 (S. Ct. argued Feb. 28, 2005). On remand, the district court will have to apply that decision of the Supreme Court when it is rendered. Therefore, we instruct the district court to defer further proceedings until the Supreme Court's decision in Spector is available. The district court shall then permit development of the record, if consistent with the Supreme Court's holding, on the factual issue of whether Ferries operates a foreign-flagged cruise vessel.

Finally, we note that the district court appears to have treated Umpierre's vessel-related claims as alleging only violations of regulations governing the new construction or alteration of cruise ships specifically. The district court correctly noted that no such regulations currently exist. See Spector v. Norwegian Cruise Line Ltd., 356 F.3d 641, 650 n.10 (5th Cir.), cert. granted, 125 S. Ct. 26 (2004) ("Amazingly, now more than a decade since the ADA's passage, [the Departments of Justice and Transportation] have yet to issue regulations specific to cruise ships."). However, Umpierre's complaint makes no allegations relating to new construction or alteration. Instead, Umpierre alleges violations of the statutory provisions of the ADA and its implementing regulations that require removal of existing barriers by all public accommodations and public transportation apart from regulations that may govern any new construction or

-8-

alteration. Therefore, if the legal or factual resolution of the foreign-flagged ship issue does not preclude application of Title III to Ferries' cruise vessel, the district court should also consider on remand whether Umpierre's vessel-based statutory and regulatory claims under 42 U.S.C. §§ 12181-89 and 28 C.F.R. §§ 36.302-305 may proceed despite the absence of a separate category of regulations governing the new construction and alteration of cruise ships. See, e.g., Stevens v. Premier Cruises, Inc., 215 F.3d 1237, 1241 n.6 (11th Cir. 2000) (per curiam) (under plain language of the ADA, "those parts of a cruise ship which fall within the statutory enumeration of public accommodations are themselves public accommodations for the purposes of Title III," and Department of Justice's interpretation of Title III reaches the same conclusion).

The decision of the district court dismissing the complaint with prejudice is **vacated**, and this case is **remanded** for further proceedings consistent with this opinion. Costs to appellant.