**Norman HOEWISCHER, individually,**
**Plaintiff,**

v.

**DEERWOOD VILLAGE MALL, LLC,**
**a Florida limited liability**
**company, Defendant.**

**No. 3:11–cv–342–J–12TEM.**

United States District Court,
M.D. Florida,
Jacksonville Division.

Aug. 9, 2011.

Barbra R. Joyner, Law Office of Barbra R. Joyner, PA, Orlando, FL, for Plaintiff.

Debra Mann Cohen, Weisman, Brodie, Starr & Margolies, PA, Boca Raton, FL, for Defendant.

## *ORDER*

THOMAS E. MORRIS, United States Magistrate Judge.

This case is before the Court on Plaintiffs' Motion to Compel Compliance with Rule 34 Notice of Entry upon Land (Doc. # 22), filed July 26, 2011. A telephonic hearing on the motion was held August 8, 2011.

Plaintiff seeks an order compelling Defendants under Rule 34, Fed.R.Civ.P., to submit to an inspection of Defendant's property for Americans with Disabilities Act of 1990 ("ADA") violations, hereinafter referred to as "barriers to access." Defendant seeks to limit Plaintiff's inspection to the portions of the premises which are open to the public and which caused Plaintiff injury in fact. The scope of inspection is thus the subject of the dispute.

> Rule 34(a)(2), Fed.R.Civ.P., provides that:
> Any party may serve any other party a request to permit entry upon designated land or other property in the possession or control of the party upon whom the request is served for the purpose of inspection, measuring, surveying, photographing, testing or sampling the property or any designated object or operation thereon, within the scope of Rule 26(b).

Rule 26(b)(1), Fed.R.Civ.P., defines the scope of discovery stating, "Parties may obtain discovery regarding any matter, not privileged,

that is relevant to the claim or defense or any party."

The property in question, the Deerwood Village Mall, is a shopping plaza that contains forty different units rented out to various tenants, including a fitness club, a dance studio, a yoga studio, a beauty salon, an animal clinic, a tailor, a learning center, and several restaurants and shops, among other establishments. The plaza also contains several vacant tenant spaces. Plaintiffs submit they are entitled to inspect all of Defendant's property for ADA compliance.

The Court finds that Plaintiff is not entitled to inspect any vacant tenant spaces, as such spaces are not open to the public. *See Doran v. 7–Eleven, Inc.*, 506 F.3d 1191, 1203 (9th Cir.2007) ("In such 'mixed-use' facilities, where only part of the facility is open to the public, the portion that is closed to the public is not a place of public accommodation and thus is not subject to Title III of the ADA."); *Harty v. SRA/Palm Trails Plaza*, 755 F.Supp.2d 1215 (S.D.Fla.2010) (denying plaintiffs request to inspect vacant tenant spaces because such spaces were not open to the public).

Plaintiff, who is bound to ambulate in a wheelchair, is also not entitled to inspect for barriers to access which do not affect his particular disability. *See Steger v. Franco, Inc.*, 228 F.3d 889 (8th Cir.2000) (blind plaintiff lacks standing to challenge ADA violations which do not affect the blind); *Access 4 All, Inc. v. Trump Intern. Hotel and Tower Condominium*, 458 F.Supp.2d 160, 174 (S.D.N.Y.2006) ("Where the alleged violation does not affect a plaintiff's disability, that plaintiff is not injured and therefore has no standing to bring suit."); *Macort v. Goodwill Industries–Manasota, Inc.*, 220 F.R.D. 377 (M.D.Fla.2003) (mobility impaired plaintiff prohibited from complaining about all types of ADA violations on behalf of all disabled individuals); *Access Now, Inc. v. South Fla. Stadium Corp.*, 161 F.Supp.2d 1357, 1364 (S.D.Fla.2001) (mobility impaired plaintiffs lack standing as to ADA violations which affect blind and deaf); *Parr v. L & L Drive-Inn Restaurant*, 96 F.Supp.2d 1065, 1082

(D.Haw.2000) (mobility impaired plaintiff lacks standing to challenge compliance for braille sign violations which relate to sight impaired individuals).

While several courts outside of the Eleventh Circuit hold otherwise, a number of district courts in this Circuit have limited inspection to access barriers specified in the complaint. *See Harty v. SRA/Palm Trails Plaza*, 755 F.Supp.2d 1215 (S.D.Fla.2010) (plaintiff not entitled to inspection of mobility-related barriers on defendant's property, other than those specified in his complaint); *Macort v. Goodwill Industries–Manasota*, 220 F.R.D. 377 (M.D.Fla.2003) (limiting inspection to specific barriers to access alleged in complaint); *Fox v. Morris Jupiter Assocs.*, 2007 WL 2819522 (S.D.Fla. Sept. 25, 2007)[1] ("Courts in the Eleventh Circuit have been more cautious, requiring a showing of plaintiffs actual knowledge of particular barriers in order for the plaintiff to have standing to challenge those barriers."); *Access Now, Inc. v. South Florida Stadium Corp.*, 161 F.Supp.2d 1357 (S.D.Fla.2001) ("Plaintiffs entry into the stadium does not automatically confer upon him a presumption that he was injured by any and all architectural barriers therein; his entitlement to relief depends on his showing that he was in fact injured, or subject to discrimination, as a result of the alleged violations.").

Here, Plaintiff has alleged in his complaint numerous and various violations related to parking; entrance access and paths of travel on the interior and exterior of the buildings; and access to goods and services restrooms. Plaintiff further alleged this list was not exclusive. However, Plaintiff did not specify at which establishments in the Deerwood Village Mall he encountered barriers, which establishments he attempted or intended to visit, or which establishments he is likely to patronize in the future. As stated above, the shopping mall contains a wide variety of establishments, and Defendant has not alleged that all of the establishments are architecturally similar so that the barriers listed in his complaint therefore encompass all establishments in the plaza. Without such informa-

---

1. Unpublished opinions are not considered binding authority; however, they may be cited as persuasive authority pursuant to the Eleventh Circuit Rules. 11th Cir. R. 36–2.

tion, the Court is unable to determine the proper scope of inspection with regards to the interior tenant spaces.

Accordingly, it is now hereby **ORDERED**:

1. Plaintiffs Motion to Compel Compliance with Rule 34 Notice of Entry upon Land is **GRANTED in part and DENIED in part without prejudice.**

2. Plaintiff may conduct inspection of all common areas open to the public.

3. Plaintiff may not conduct inspection of any vacant tenant spaces.

4. Plaintiff may only inspect for barriers to access related to mobility.

5. Plaintiff may not conduct inspection of interior tenant spaces unless and until Plaintiff amends his complaint to specify which establishments on Defendant's property caused him injury in fact, unless the parties are otherwise able to agree upon which tenant spaces may be subject to inspection.